## Commonwealth v. Cambron's Executrix.

(Decided April 28, 1914.)

### Appeal from Marion Circuit Court.

1. **Taxation—Legacy, Inheritance and Transfer Taxes.—**Under Sec‑
tions 4281a and 4281b, Kentucky Statutes, a devise to the nieces
and nephews of testator is subject to an inheritance tax; but
when they take a remainder only in the unexpended residuum of
the estate, the widow taking a life estate with powers of dis‑
position annexed, there can be no present ascertainment of the
amount subject to the tax; hence the claim of the State must
be deferred until the death of the life tenant, at which time the
value of the unexpended residuum may be determined and the
tax collected.

2. **Wills—Construction.—**A will construed, and held to devise to
testator's wife an estate for life with power of disposition an‑
nexed, with remaindermen taking only the unexpended residuum.

H. S. McELROY, B. W. GILFILLAN for appellants.

H. W. RIVES for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

The Inheritance Tax Act, in so far as applicable to
this case, contains the following provisions:

"All property which shall pass by will * * * from
any person * * * other than to, or for the use of his
or her father, mother, husband, wife, lawful issue, the
wife or widow of a son, or the husband of a daughter,
or any child or children adopted as such on conformity
with the laws of the Commonwealth of Kentucky, any
lineal descendant of such decedent born in lawful wed‑
lock, shall be and is subject to a tax of five dollars on
every hundred dollars * * * provided, that the first
five hundred dollars of every estate shall not be subject
to such duty or tax." (Section 4281a, Kentucky Stat‑
utes.)

"When any grant, gift, devise, legacy or succession
upon which a tax is imposed by section one of this
article (4281a) shall be an estate, income, or interest for
a term of years or for life, or determinable upon any
future or contingent event, or shall be a remainder, re‑
version or other expectancy, real or personal, the entire
property or fund by which such estate, income or inter‑
est is supported, or of which it is a part, shall be ap‑
praised immediately after the death of decedent * * *

and the tax prescribed shall be immediately due and payable." (Section 4281b, Kentucky Statutes.)

The last will of C. C. Cambron, which was duly probated in the Marion County Court on December 4, 1911, contained the following clause:

"Item 3. As a testimonial of the love I bear my dear wife, Mary C. Cambron, and recognizing the fact that during our married life she has been to me a helpmate indeed, and has aided and assisted me in accumulating and saving the property I possess, I give, devise and bequeath to her during her natural life (excepting the bequests hereinbefore mentioned) my entire estate, both real, personal and mixed, wheresoever and whatsoever it may be, to use and control and manage the same as she may desire, without question from any one and without impeachment for waste, and I nominate, constitute and appoint her executrix of this, my last will, expressly desiring and stipulating that she shall not give bond or security, or to be required to make or file any appraisement or inventory of any settlement or account. And the special bequests hereinabove provided are to be paid at such time as may suit her convenience within two years after my death, and no interest shall be charged thereon during any part of said time."

"Item 4. After the death of my wife, Mary C. Cambron, I desire my estate to be divided as follows, viz: One-half of my estate, real and personal, to be divided equally between my nephews, Charles C. McGill and Stephen C. McGill, the children of my deceased sister, Martha A. McGill. And the remaining one-half of my estate, real and personal, to be divided equally between the children of my deceased brother, Stephen Horace Cambron."

This action was instituted in the Marion County Court by the Commonwealth through a revenue agent, against Mary C. Cambron, as executrix, seeking an appraisement of the estate for the purpose of a recovery of the inheritance tax thereon.

She answered, alleging that she held said estate as devisee and owner, and not as executrix; and denied that same was liable for the inheritance tax sought to be collected, for the reason that, under the will, a copy of which was filed with her answer, it is impossible to ascertain or estimate what amount of property received by her under the will, will remain for distribution among the nieces and nephews of the testator at her death.

To this answer, plaintiff interposed a demurrer which the court overruled; and plaintiff electing to stand upon the demurrer, the court dismissed the petition. Plaintiff appeals.

1. The special bequests mentioned in the will were none of greater amount than $500.00; hence the only question presented is, what interest did the widow, and the nieces and nephews of testator, the latter being collateral kindred and subject to the inheritance tax, take under the will.

The language of the will is peculiar, but it is evident therefrom that it was the intention of the testator that the widow should take more than a mere life estate. There can be, therefore, no present ascertainment or determination of the amount which will be subject to the inheritance tax herein sought to be collected; for there is no way of determining what the amount or value of the estate will be that will go to the nieces and nephews of the testator at the death of the widow.

The provision of the statute providing for appraisement immediately after the death of the testator only applies where the life estate is a simple life estate and the value of the remainder which will come into the hands of the remainderman is ascertainable at the death of the testator.

In the case at bar, however, the claim of the State for the amount of the inheritance tax upon such part of the estate as shall go to the collateral kindred of testator must be deferred until the death of appellee, the life tenant, at which time the unexpended residuum will go to the nieces and nephews of the testator, and will be capable of definite ascertainment, and subject to the tax herein sought to be collected.

Judgment affirmed.