## Kinney v. Commonwealth.

(Decided May 15, 1923.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Failure to Instruct on Testimony of Accomplice Held Reversible Error.—In a prosecution for operating a moonshine still, where a witness testified for the prosecution that he was engaged in operating the still and that defendant was in his employ and assisted him in so doing, the failure to give an instruction under Criminal Code of Practice, section 241, as to the weight to be given to the evidence of an accomplice, is reversible error.

2. Criminal Law—Corroboration of Accomplice Merely Showing Offense was Committed Does Not Warrant Conviction.—Under Criminal Code of Practice, section 241, testimony offered in corroboration of accomplice is insufficient if the facts stated on the knowledge of the witness merely showed that the offense was committed, but is sufficient if it tends to connect accused with the commission of the offense.

PICKLESIMER & STEELE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MCCANDLESS—Re-versing.

Ernest Kinney appeals from a judgment of the Pike circuit court inflicting a fine of $100.00 and a sentence of thirty days' imprisonment upon him, on the charge of operating a moonshine still. He was employed by one Mose Damron, who was engaged in the illicit manufacture of intoxicating liquor.

Damron has testified, admitting that he did this and also stating that Kinney was in his employ and assisted him in so doing. That the offense occurred in the spring and he was tried in the federal court thereon.

Creed Bentley, a United States prohibition officer, testified that he was in a raid on the 22nd of March when the defendant was caught operating a moonshine still. The federal commissioner also testified that the defendant was brought before him on a liquor charge on the 4th day of March.

No instruction was given under section 241 of the Criminal Code as to the weight to be given to the evidence of an accomplice. For this reason the case must be reversed.

As detailed we are in doubt as to whether the evidence in corroboration of Damron was sufficient to submit the issue to the jury. The questions asked Bentley were leading, and we are unable to say whether his answers were statements of fact within his own knowledge or merely conclusions.

It was sufficient proof of the fact that the offense was committed, but the evidence that he was in the raid and appellant was arrested would not of itself authorize the submission of the case to the jury. He should be permitted to state the facts within his knowledge, and if aside from mere proof that the offense was committed his testimony tends to connect appellant with its commission a peremptory instruction should be overruled, otherwise it should be given. Criminal Code, section 241; Hale v. Comlth., 185 Ky. 124; Comlth. v. McGarvey, 158 Ky. 578.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.