## Noral v. Commonwealth.

(Decided March 7, 1924.)

### Appeal from Jefferson Circuit Court.

Assault and Battery—In Prosecution for Shooting at Another, no Error in Refusing to Instruct as to Breach of Peace.—One who shoots with a deadly weapon at another cannot be found guilty

of an assault or a breach of the peace, under Kentucky Statutes, sections 1166, 1242, they being exclusive and covering the whole field, and the court did not err, in a prosecution for malicious shooting, in failing to instruct on breach of the peace.

FRANK A. DOUGLAS for appellant.

THOS. B. McGREGOR, Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was indicted, charged with the felony of maliciously shooting at, without wounding, Cundiff, but with intent to kill him, under the provisions of 1166. Kentucky Statutes.

He was found guilty of shooting at Cundiff in a sudden affray, or in sudden heat and passion, and without previous malice, as provided in section 1242, Kentucky Statutes, the latter being a misdemeanor and a degree of the crime charged in the indictment.

Appellant was the driver of an independent taxi, while Cundiff was the employe of the Louisville Transfer Company, and the controversy arose over a passenger. The evidence for the Commonwealth shows appellant while in his machine, shot at Cundiff while the latter was standing a few feet away on the sidewalk, and at a time when he was unarmed, and had made no demonstration toward appellant, and when he had in each hand a piece of baggage belonging to the passenger over whom the difficulty arose. The evidence for the defendant, however, was to the effect that when the shot was fired Cundiff had gotten on to the running board of appellant's machine, had opened the front door, and was climbing in preparatory to assaulting appellant when the shot was fired. The evidence for the Commonwealth likewise shows that although appellant only fired one shot, he snapped his pistol two or three additional times when it failed to explode.

It is apparent from this short statement of the evidence that it was very conflicting, especially upon the vital point whether Cundiff, when the shot was fired, was climbing into appellant's car or whether he was then standing on the sidewalk with baggage in each of his hands.

It is apparent the evidence would have authorized a verdict of guilty under section 1166, but the jury, doubtless believing the difficulty arose on the spur of the moment, gave the defendant the benefit of the lesser offense provided for in section 1242.

There is no complaint of the instructions given, the only ground for reversal being the refusal of the court to instruct on a breach of the peace, because as urged that is a degree of the offense charged in the indictment.

The precise question has been decided by this court contrary to appellant's contention. In the case of Lewis v. Commonwealth, 156 Ky. 336, defendant was charged and convicted of wilfully and maliciously cutting Burris with a knife, under section 1166; the court instructed under that section and under section 1242. The appellant, however, complained on the appeal of the failure of the court to instruct that they might find defendant guilty only of assault and battery, that being as claimed a lower degree of the crime charged.

In response to that argument, the court said:

"If there had been evidence to show that the only offense committed by appellant was the mere striking of Burris, then he would have been entitled to an instruction on assault and battery as a lower degree of the offense charged, as well as an instruction under section 1242 for cutting in sudden affray. Since he was indicted for malicious cutting, then whatever offense he was guilty of was for malicious cutting, or for cutting in sudden affray. True, to cut Burris with a knife was an assault and battery upon him, but for such an assault and battery the punishment is by statute, and those statutes punishing it are sections 1166 and 1242, and no instructions other than those given by the court are necessary."

It is apparent, as suggested in the opinion quoted from, that one might be only guilty of an assault where he had struck another and was indicted under section 1166. In such a case the evidence might show he struck wilfully and maliciously as denounced by 1166, and was guilty of a felony; or it might show he had struck in sudden affray or in sudden heat and passion without previous malice, and was guilty under section 1242, or

that he had been guilty only of the common law offense of assault and battery.

But it is difficult to understand how one who shoots with a deadly weapon at another could only be guilty of an assault or a breach of the peace. The two sections (1166 and 1242) as applied to shooting appear to be exclusive and to cover the whole field.

He either shot maliciously as denounced by 1166, or he shot in sudden affray without previous malice, as covered by 1242; he could not have been guilty of a mere common assault or a breach of the peace by the act of shooting at another with deadly firearms.

Judgment affirmed.