## Mullins v. Commonwealth.

(Decided October 19, 1926).

### Appeal from Pike Circuit Court.

1. Intoxicating Liquors—Evidence Held Insufficient to Support Conviction for Manufacturing Liquor when Failing to Show Defendant Furnished Materials.—In prosecution for manufacturing intoxi-

cating liquor, it being claimed that defendant furnished materials to be used by another for that purpose, conviction could not be sustained where evidence failed to show that materials were in fact so used.

2.   Intoxicating Liquors—Instruction Not Based on Facts Proved by Testimony as to Defendant Furnishing Material for Manufacture Held Erroneous.—Instruction to convict, if defendant manufactured whiskey in county within 12 months before finding of indictment, was erroneous because not based on facts proved by testimony to effect that defendant merely furnished materials to another from which whiskey was alleged to have been made.

3.   Criminal Law—Failure to Give Instructon Requring Corroboration of Testimony of Accomplice Held Error (Criminal Code of Practice, section 241).—In prosecution for manufacturing liquor, wherein defendant was accused of furnishing materials out of which the whiskey was to be made by another person, held that failure to give instruction requiring corroboration of testimony of such other person as accomplice was error, under Criminal Code of Practice, section 241.

F. M. BURKE and STATON & KEESEE for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The grand jury of Pike county returned an indictment accusing appellant, Babe Mullins, of the offense of unlawfully manufacturing spirituous, vinous, malt and intoxicating liquor for other than legally permissible purposes as set forth in the statute, and upon his trial under a plea of not guilty he was convicted and fined $300.00 and confinement in the county jail for a period of 60 days. His motion for a new trial was overruled and he prosecutes this appeal, urging only two grounds for reversing the judgment, which are: (1) the insufficiency of the evidence to support the conviction, and (2), improper instructions by the court. There was no demurrer filed to the indictment charging the defendant with the offense as a principal without naming the person whom the evidence was intended to show was a joint principal in the alleged manufacture of the liquor. But, whether such failure to name the one which the evidence shows he only aided and abetted, if he did so, is not presented and, therefore, not determined. The chief

witness for the Commonwealth was Melvin Elkins, whose entire testimony in chief was:

"Q. Do you not know the defendant Babe Mullins? A. Yes, sir. Q. In Pike county and within 12 months before the 13th day of October, 1925, do you know anything about the defendant manufacturing intoxicating whiskey or furnishing material to manufacture intoxicating whiskey? A. Yes, sir, he bought some apples for me to make some brandy and he also furnished me with some sugar. Q. How many apples did he buy for the purpose of making whiskey out of? A. From 85 to 100 bushels. Q. How much sugar did he furnish? A. 100 pounds. Q. Did you have any contract with him about the making of the whiskey? A. Well on the 1st day of October, 1924, my brother's wife died and I told him that I would like to have the apples, but we could not agree on the price; brother wanted to sell nearly everything that he had only some of the furniture, and we couldn't trade; he asked me $2.00 a bushel and Babe said that he would buy them and that I could make some brandy; Alvin owed a store account down at Babe's and he said that he would buy them and give Alvin credit on what he owed down there."

The cross-examination developed that the apples of his brother referred to by him in his testimony in chief were obtained on the 7th day of October, 1924, and the indictment was not returned until the 13th day of October, 1925. But, of course, the limitation would commence to run only from the time of the manufacturing of the liquor from the apples or the material furnished by defendant with the intention that Elkins should use them in such unlawful manufacture. It was also shown on cross-examination that in December, 1924, some prohibition officers, either federal or state, captured the still of Elkins and destroyed it and likewise arrested him. It was furthermore shown that at the time Elkins purchased the apples he owed defendant, who was a local merchant, a considerable store account, and the same was true as to his brother, Alvin. He also testified that at the time he obtained the apples from his brother he purchased from him a hog, a cow and a pony, and the note that he executed to defendant was in part consideration of defendant's furnishing the means to pay for those

animals, and defendant was to credit the accounts in his
store of both the prosecuting witness and his brother,
Alvin, and that Melvin Elkins and defendant were to be
partners in the brandy to be made from the apples by
the former. If such an arrangement was true, which is
denied by defendant, then there existed a partnership
to engage in the unlawful manufacture, and if it had
been done defendant would undoubtedly be a principal
and not a mere aider and abetter. We, however, have
searched this record in vain to find if it was anywhere
shown that Melvin Elkins under the arrangement to
which he testified ever manufactured a drop of liquor
with the purchased apples, or the 100 pounds of sugar,
which he claimed was furnished him by defendant for
that purpose. Some statements are made from which
it might be surmised that he had manufactured some
liquor up to the time his still was destroyed, but even
that is only from inference and not from any direct state-
ment by the witness, and nothing to show that, if done,
it was with the furnished material. It was proven by de-
fendant and another witness, whom Melvin Elkins sent
for the sugar, that it was stated to defendant that it was
to be used for making apple butter and canning fruit, and
that defendant never knew that it was intended to be used
for manufacturing liquor. Whether defendant would be
guilty as an aider and abetter if he in good faith sold
articles that he knew were to be used in the unlawful
manufacture of liquor and which sale was done in the
usual course of his business as a merchant and without
being in any wise interested in the liquor to be manu-
factured, we need not determine. It is sufficient to say
in this case that there was no substantial evidence from
which the jury was authorized to find that Elkins, the
alleged principal or partner of defendant, ever manu-
factured any liquor whatever from the materials fur-
nished for that purpose according to the testimony of
the witness, and which in any event was necessary to
be shown before defendant could be convicted.

Instruction No. (1) given by the court to the jury,
said:

"If the jury believe from the evidence in this
case to the exclusion of a reasonable doubt that the
defendant in this county and within 12 months
before the finding of the indictment herein, manu-

factured whiskey you will find him guilty and fix his punishment at a fine of not less than $100.00 nor more than $500.00 and imprison him in the county jail for a period of not less than 60 days nor more than six months, in your discretion.''

We think the more correct instruction should tell the jury, in substance, that if they believed beyond a reasonable doubt that Melvin Elkins unlawfully manufactured whiskey, etc., with the material furnished by defendant and which was done by him with the agreement and understanding that he was to share in the liquor so manufactured, then they should find defendant guilty, etc. In other words, the instruction should be based upon the facts which the testimony was directed to prove, and in this case the jury evidently could not find defendant guilty, although he furnished the material with the understanding that he would own a part of the manufactured article, unless the jury should further believe beyond a reasonable doubt that Elkins did actually manufacture liquor with the furnished articles.

On the other hand, if defendant was to have no interest in the liquor that Elkins was to manufacture but, notwithstanding, he aided and abetted in such manufacturing by assisting Elkins in so doing, he would be an aider and abetter only, though under the statute punishable as a principal. In such a case the facts should be submitted in the instruction. Nunnelley v. Commonwealth, 209 Ky. 191. We, therefore, conclude that instruction No. (1) was erroneous in either view of the case.

There was no instruction given by the court upon the corroboration of the testimony of Elkins, who was evidently an accomplice, as is required by section 241 of the Criminal Code of Practice. He was clearly an accomplice, whether as a joint principal with the defendant, or a sole principal whom the defendant aided and abetted, and in either view of the case it was the duty of the court to give that instruction.

For the errors herein pointed out, the judgment is reversed, with directions to grant the new trial and for proceedings consistent herewith.