## Gibbons v. Commonwealth.

(Decided Feb. 20, 1934.)

F. M. JONES for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Appellant, Ona Gibbons, seeks the reversal of a judgment convicting him of malicious shooting at and wounding another with intent to kill and fixing his punishment at confinement in the penitentiary for a term of one year. The crime of which he stands convicted is defined by section 1166 of the Kentucky Statutes.

The sole ground urged for a reversal is the failure of the trial court to instruct the jury under section 1242 of the Kentucky Statutes, which reads in part:

"If any person shall, in a sudden affray, or in sudden heat and passion, without previous malice, and not in self-defense, shoot at without wounding, or shoot and wound another person * * * he shall be fined not less than fifty nor more than five hundred dollars, or confined in the jail not less than six months nor more than one year, or both, in the discretion of a jury."

The offense described in section 1242 is a degree of the offense defined by section 1166, and an instruction under section 1242 should be given where the facts authorize it. Noral v. Commonwealth, 202 Ky. 318, 259

S. W. 706; Lewis v. Commonwealth, 156 Ky. 336, 160 S. W. 1061; Balee v. Commonwealth, 153 Ky. 558, 156 S. W. 147; Gill v. Commonwealth, 235 Ky. 351, 31 S. W. (2d) 608; Lyons v. Commonwealth, 216 Ky. 202, 287 S. W. 534; Noble v. Commonwealth, 217 Ky. 556, 290 S. W. 330; Gillum v. Commonwealth (Ky.) 121 S. W. 445.

It is contended by the commonwealth that there was no evidence which tended to show that appellant was guilty of the lesser degree of the offense of shooting at and wounding another with intent to kill, and that therefore an instruction under section 1242 of the Statutes was not authorized.

Appellant lived in the city of Harlan, and had under cultivation a small tract of land just outside the city limits. On the night of July 3, 1933, some one entered upon this tract of land and stole appellant's beans. On the following day appellant saw two boys walking down a road near the corn and bean patch with buckets in their hands, and, as they approached the bean patch, but while still on the road, he fired at one of the boys with a shotgun. Several of the shots struck Billie Evans, a fifteen year old boy, and he ran to the home of a neighbor, where his wounds were dressed. At the time he fired the shot, appellant was standing about 150 or 175 yards from the Evans boy. He testified that he did not know who the boys were, and that he did not intend to kill them, but that he only intended to prevent them from stealing his beans. Under these facts, appellant insists that he was entitled to an instruction on the offense of shooting in sudden affray or in sudden heat and passion, which is a degree of the offense defined by section 1166.

Clearly he was not entitled to an instruction on the theory that the shooting was done in a sudden affray, which is a difficulty or fight suddenly resulting from the mutual agreement of two or more parties. Cavanaugh v. Com., 172 Ky. 799, 190 S. W. 123. No fight or difficulty occurred between the Evans boy and appellant. In fact, Billie Evans was unaware of appellant's presence when the shooting occurred. A person's passion, however, may be aroused by the actions of another without a fight or difficulty between them, and, if appellant believed that Evans and his companion were about to steal his property, the provocation may have been such as to have caused him to shoot without any previous malice.

In view of the circumstances and the testimony of appellant that he had no intention to kill Evans, but only intended to prevent the theft of his property, he was entitled to an instruction under section 1242 on the theory that he shot in sudden heat of passion and without previous malice. For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial.