## Hurst et al. v. Commonwealth.

Nov. 29, 1940.

Flem D. Sampson, Judge.

R. L. Pope and L. O. Siler for appellants.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellants, Wright Hurst and James Broyles, were jointly indicted with one Richard Rue for the malicious wounding of Louis Dople, a deputy sheriff. The first count of indictment charged the three jointly with the crime and the second count charged a conspiracy between them to commit it. On a trial of Hurst and Broyles only they were convicted. Hurst was sentenced to the penitentiary for fifteen years and Broyles for three years and they bring this appeal.

About ten days before the shooting Dople arrested Hurst for drunkenness and in so doing had to subdue him by striking him over the head with handcuffs. Hurst made numerous threats to get even with Dople. On the night in question Dople received a mysterious call by telephone to come to Jellico. When he got to Jellico he parked his car where he usually parked it and attempted to locate the person who called him but was unable to do so, whereupon he returned to his car and found that it would not start. Investigation disclosed that the distributor cap had been removed. A

few minutes later he started walking up the street to get a distributor cap and as he passed under a street light five shots were fired from a car in which the appellants and Rue were riding up the street behind him and two of these shots struck him. The appellants and Rue were across the street from where Dople's car was parked and previous to that they had been seen together. Shortly after Dople started walking up the street from his disabled car, Hurst's car, in which the three were riding, was seen to start up and drive up the street behind him.

After the shooting officers went out in the country looking for the Hurst car and when they attempted to stop it on the road shots were fired from it at the officers, who returned the fire. All three men were still in the car at this time but shortly thereafter Broyles got out and went home. Hurst and Rue called a friend by telephone to come out in the country in his car and get them and when this friend reached them they were standing in the road beside Hurst's car. This friend testified that they told him "they had been in a shooting match with the law". Hurst pushed his car over a bluff and it was later found with bullet holes in it. He and Rue got in the car with their friend and Hurst went to a telephone and called officers, notifying them that his car had been stolen—while doing so he was arrested.

On the trial both appellants testified that Rue fired the shots that struck Dople. Rue had not testified for the Commonwealth but, on learning that Hurst and Broyles had testified that he fired the shots, took the witness stand in rebuttal for the Commonwealth and testified that the shooting was done by Hurst.

Numerous grounds are urged for reversal, among which are: 1) that the trial court failed to instruct under Section 241 of the Criminal Code of Practice as to the necessity of corroborating the testimony of an accomplice, 2) that there was no evidence establishing a conspiracy but in any event the trial court erred in failing to define the term "conspiracy", 3) that a verdict should have been directed in behalf of Broyles, and 4) that error was committed in failing to instruct on lower degrees of the crime of malicious wounding.

Several other questions are raised which are so completely without merit as to deserve no discussion.

1) It is at once apparent that the first ground of reversal urged is meritorious and that prejudicial error was committed in failing to instruct as to the necessity of corroborating the testimony of an accomplice. The appellants were indicted jointly with Rue for a conspiracy and under the instructions the jury were authorized to convict them if they found that the conspiracy was entered into and that Rue shot Dople while this conspiracy existed. The evidence amply justified a finding that there was a conspiracy between Hurst and Rue—it clearly indicated that Rue was an accomplice of Hurst. In these circumstances it was plainly incumbent on the trial court to instruct under Section 241 of the Criminal Code of Practice. It has been frequently held that a failure to give this type of instruction in a case of this character is prejudicial error, among the cases so holding being Davis v. Com., 256 Ky. 423, 76 S. W. (2d) 259; Hendrickson v. Com., 235 Ky. 5, 29 S. W. (2d) 646; Mullins v. Com., 216 Ky. 149, 287 S. W. 542; and Kinney v. Com., 199 Ky. 202, 250 S. W. 854.

2) The evidence was ample to sustain a finding of conspiracy between Hurst and Rue. Rue remained with Hurst in his flight from the officers of the law, thereby evidencing a consciousness of guilt on his part. He also stated that he had been in a shooting match with the law. Further, after being arrested he accompanied an officer and pointed out where the distributor cap of Dople's car had been thrown. These circumstances, together with the contradictory testimony as to whether Hurst or Rue fired the shots, were ample to justify a conspiracy instruction as to Hurst and Rue. As the judgment must be reversed for failure to instruct under Section 241 of the Code, the trial court on the next trial should define the term "conspiracy" as used in the instructions although we are not holding that the failure to do so would, alone, constitute reversible error.

3) We think the contention that a verdict should have been directed in behalf of Broyles must be sustained. There is no evidence whatever that he fired the shots and none indicating that he conspired with either Hurst or Rue to do so. He got out of the car shortly after the shooting and went home. The utmost the evidence shows is that he was in the car at the time the shots were fired. A conviction is not justified by suspicion and evidence of relationship among the ac-

cused or by their mere association at a time when a crime was committed by one of them. Mere acquiescence in, or approval of, the criminal act, without co-operation, or agreement to co-operate in its commission, is not sufficient to constitute one a party to the conspiracy to commit the crime. Baird v. Com., 241 Ky. 795, 45 S. W. (2d) 466; Lester v. Com., 284 Ky. 352, 144 S. W. (2d) 808. On the next trial, if the evidence is the same, a verdict of acquittal should be directed for appellant Broyles.

4) No error was committed by the trial court in failing to instruct on a lower degree of the crime of malicious wounding. It has frequently been held that the offense denounced by Section 1242, Kentucky Statutes, is a lower degree of malicious wounding denounced by Section 1166, Gibbons v. Com., 253 Ky. 72, 68 S. W. (2d) 753, and it has also been held that the offense denounced by Section 1308 is a lower degree of that crime. Hall v. Com., 219 Ky. 446, 293 S. W. 961. But it is also well settled that it is proper to instruct on the lower degree only when the evidence justifies such an instruction. See Mullins v. Com., 276 Ky. 555, 124 S. W. (2d) 788, 789 and cases therein cited. Here the evidence did not justify an instruction on a lower degree of the crime since it plainly disclosed a cold-blooded attempt at assassination and nothing else. There was no evidence to justify an inference that the shooting took place in a sudden affray or as a result of sudden heat and passion or as a consequence of the reckless use of firearms.

The judgment is reversed with directions to grant the appellants a new trial and for further proceedings consistent herewith.