## Bosworth et al. v. Commonwealth et al.

June 13, 1950.

W. B. Ardery, Judge.

280

Robert J. Watson for appellants.

A. E. Funk, Attorney General, Maurine Sharp, Assistant Attorney General, Hal O. Williams, Assistant Attorney General, Robert F. Matthews, Jr., Assistant Attorney General, Ernest Woodward, II, Amicus Curiae, Woodward, Hobson & Fulton, Amicus Curiae, and Woodward, Bartlett, Hobson & McCarroll, Amicus Curiae, for appellees.

JUDGE CAMMACK—Affirming.

This is an appeal from a judgment sustaining an order of the Kentucky Tax Commission assessing an inheritance tax against the estate of Joseph F. Bosworth, Sr., deceased. In 1930, Mr. Bosworth conveyed real estate in trust to the Lincoln Bank & Trust Com-

pany. The net income of the trust fund was to be paid first to Mr. Bosworth for his life, or as he might direct in writing, then to his wife, Lizzie Bosworth, for life, or as she might direct in writing. After the deaths of both Mr. and Mrs. Bosworth, one-half of the income was to be paid to Eleanora B. Ramey, or her descendants, and one-half to Joseph F. Bosworth, Jr., or his descendants. The trust was to terminate upon the death of the four named persons and the corpus distributed between the descendants of Eleanora B. Ramey and Joseph F. Bosworth, Jr., if any. The trust instrument also provided that, in the event Eleanora B. Ramey and Joseph F. Bosworth, Jr., died leaving no descendants, the trustee was to pay over and distribute the trust estate to the persons who would then be the heirs at law under the 1930 statutes on descent and distribution, Ky. St. Sec. 1393 et seq. During the latter part of 1930 the trust agreement was amended so that the income from the trust was to be paid first to Lizzie Bosworth for life and upon her death to Mr. Bosworth, Sr., during his life, or as he might direct in writing. Joseph F. Bosworth Jr., died in 1939. Joseph F. Bosworth, Sr., died in 1941. There survived him Lizzie Bosworth and Eleanora B. Ramey.

On this appeal it is contended that the Bosworth trust estate was not taxable; and that, in the event the estate be held taxable, the Department of Revenue incorrectly computed the tax both as to rate and penalties and interest. Amicus curiae counsel have filed a brief wherein they contend that, if it be assumed that the corpus of the Bosworth estate is taxable, the tax was due and payable in 1930, and, therefore it is now barred by limitation. The further contention is made that, even if it be held that the tax is not barred by limitation, it should be computed at the rates and exemptions prescribed by the law existing in 1930, the date of the creation of the trust.

The statute in effect at the time of the death of Mr. Bosworth was Kentucky Statutes, section 4281a-12. (1936 Edition). This provision is now found in practically the same form in KRS 140.010. The Department of Revenue took the position that the Bosworth property was taxable under this statute, because, under the trust instrument, it was intended "to take effect in possession or enjoyment at or after the death of the grantor or

donor, absolutely or in trust.'' The statute further provides that the property shall be subject to the tax provided therein ''upon the fair cash value as of the date of the death of the grantor or donor.'' The last paragraph of the statute follows:

''Such tax shall be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof, by any such transfer.''

Apparently, this is the first time this specific question has come before this Court. We entertain no doubt as to the taxability of the Bosworth trust estate. The United States Supreme Court cases of Commissioner v. Church, 335 U. S. 632, 69 S. Ct. 322, 337, 93 L. Ed. 288, and Spiegel v. Commissioner, 335 U. S. 701, 69 S. Ct. 301, 337, 93 L. Ed. 330, put to rest similar questions under the possession and enjoyment sections of the Federal estate tax law. As we have noted, the Kentucky statute under consideration contains identical wording on this point. In the Church and Spiegel cases it was said that, after the transfer has been made (the transfer being the establishment of the trust, as we understand the question), the person establishing the trust must be left with no legal title in the property, no possible reversionary interest in it, or no right to possess or enjoy the property then or thereafter, if the estate tax is to be avoided. It is said further that, to avoid such a tax, the one making the transfer must in all respects, without reservation, part with all of his property and all of his enjoyment of it. Certainly Mr. Bosworth, Sr., by the retention of the right to receive the income from the trust property for his life, or as he might direct in writing, did not part with all of his possession and all of his enjoyment of the transferred property.

The rights which Mr. Bosworth, Sr., retained in the property did not pass from him and were not extinguished until the time of his death (1941). That was the date of the taxable event. This conclusion seems to us to be in harmony with the intent of our statute, because it, primarily, is an inheritance tax statute. Furthermore, this conclusion is consistent with the rulings in the Church and Spiegel cases. In the case before us both the inheritance tax act in effect in 1930 and that adopted in 1936 included as taxable property that prop-

erty, the possession and enjoyment of which was postponed or did not pass until the death of the grantor.

To seize upon the word "expectancy" in the last paragraph of the statute under consideration, and to say that the Bosworth trust estate should be taxed as of 1930, when the trust instrument was created, would be to ignore the general purpose and intent of the inheritance tax statute. As pointed out by the Commonwealth, it was held in the case of Commonwealth v. Cambron's Executor, 158 Ky. 577, 165 S. W. 979, in 1914, that, where a devisee received a life estate in property, with a right to dispose of it, an inheritance tax could not be collected from the remainderman until the death of the life tenant. In 1916, the inheritance tax act was amended by adding the second paragraph of what is now KRS 140.010 (Ky. Statutes, section 4281a-12). Under the 1916 amendment, contingent estates were made taxable at the death of the grantor, as in the case of other estates. Actually, the amendment merely required a common sense interpretation of the inheritance tax act, namely, that the date of the death of the grantor was the date of the taxable event.

It may be, as contended by amicus curiae counsel, that the New York courts, in construing the inheritance tax laws of that State, from which our inheritance tax laws seem to have been patterned, have held that the date of the taxable event is the time of the establishment of the trust or the transfer of the property from the settlor of the trustee. The Commonwealth points out, however, that Article 10, section 222, of the New York Tax Law, McK. Consol. Laws, c. 60, expressly provided that the taxes imposed in that Act were payable at the time of the transfer. Be that as it may, we think the Department of Revenue reached the proper conclusion as to the taxability of the Bosworth trust property, and as to the time the tax became due.

Judgment affirmed.