## JOHNSON v. COMMONWEALTH
### (two cases).

Court of Appeals of Kentucky.

Dec. 21, 1951.

Buford A. Short, Beattyville, for appellant.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., W. L. Kash, Commonwealth's Atty., Irvine, for appellee.

CAMMACK, Chief Justice.

In Case No. 1, Johnnie Johnson is appealing from a judgment sentencing him to four years in prison on a charge of grand larceny. He insists the evidence for the Commonwealth was insufficient to warrant the submission of the question of his guilt to the jury.

In Case No. 2, Johnson is appealing from an order denying him a writ of coram nobis. Since we think his position is well taken on the appeal from the judgment sentencing him to prison, it is unnecessary for us to consider the coram nobis question.

The prosecuting witness, Henry Johnson, who was drunk, was placed in the Lee County jail around 7:30 p. m. one Sunday in February of this year. The appellant and Fred Cole were in the jail at the time. When Henry Johnson got out of jail the next day he asked the officers for his pocketbook, in which he said he had five twenty dollar bills, a ten dollar bill and a one dollar bill. He was told that the only thing taken from him by the arresting officers was a half pint of whiskey. No officer had any knowledge of Johnson's pocketbook or its contents. Johnson said he had his pocketbook when he was arrested; when he awakened the next morning he missed it and assumed the officers had it; and he did not know whether he had it when he was placed in jail.

When the appellant was placed in jail some 40 days before the prosecuting witness was arrested for drunkenness he had a five dollar bill. On two occasions within the next few days after the prosecuting witness was released, the appellant gave the jailer a ten dollar bill with which to make purchases for him. When the appellant was searched several days after the alleged stealing he had a twenty dollar bill, a ten and a one. During the intervening period Cole left the jail and relatives visited the appellant. His story was that they gave the money to him. His explanation, however, as to how he obtained the money originally was none too convincing. Needless to say the finger of suspicion was pointed toward the appellant when it be-

came known he was spending money after Henry Johnson's night in jail.

The appellant, or he and Cole, may have taken Henry Johnson's money. But our question is, Can his conviction stand on the circumstantial evidence before us? We think not. In the first place no one said Henry Johnson had his pocketbook and money when he was placed in jail. Both the appellant and Cole were in jail on charges of stealing. If the officers didn't take Henry Johnson's money before they locked him up with the appellant and Cole, they were more than grossly careless. Many things could have happened, and doubtless did, between the time the prosecuting witness got out of jail and the time the appellant was searched.

Frequently, convictions are upheld on circumstantial evidence, but evidence of the guilt of the accused must go beyond suspicion; and certainly it must be shown that a crime has been committed. Abrams **v.** Commonwealth, Ky., 243 S.W.2d 902.

The judgment in Case No. 1 is reversed, with directions to set it aside, and for proceedings consistent with this opinion. Case No. 2 is moot.