## TIPTON v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 28, 1952.

Rehearing Denied Sept. 26, 1952.

Shumate & Shumate, Irvine, for appellant.

A. E. Funk, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Berry Tipton was sentenced to five years in prison on a charge of maliciously shooting and wounding Ralph Lunsford. He asks that the judgment be reversed because (1) he was entitled to a directed verdict at the conclusion of the Commonwealth's evidence; (2) the verdict is flagrantly against the evidence; (3) an instruction should have been given on shooting and wounding another in sudden heat and passion, KRS 435.180; and (4) an instruction should have been given on self-defense and aiding and abetting.

Ralph Lunsford, Robert Lunsford and Elbridge Rucker, constables in Estill County, received information that a still was being operated in the vicinity of Tipton's home. They went to a water tank, located about one and one-half miles from the place where Tipton lived. There was a path from Tipton's house to the tank. From the tank the officers followed a path to the top of a cliff. There they found a still and destroyed it. They returned to the tank and started down the path toward Tipton's home. At this time, about 10:00 a. m., some person or persons began shooting at them. The shooting came from two different locations and some 20 to 50 shots were fired. The Lunsfords said that the first shots were fired from the top of the cliff, but that the shooting from this point stopped and then they were fired upon from another location. One of the second volley of bullets struck Ralph Lunsford in the heel. Both of the Lunsfords said they did not see anyone at the scene of the shooting. Rucker said that, after the first volley of shots, he saw Tipton jump behind a tree, but that he did not see him fire any shot. According to the officers' testimony, all of the shots were fired from a .22 caliber gun. Between 11:00 and 11:30 a. m., Millard Dunaway said he saw Tipton at a sawmill about one and one-half miles from the scene of the shooting. He said Tipton was carrying a bolt action .22 caliber rifle from which more than one shot could be fired without re-loading.

Tipton denied being near the scene of the shooting. He said he borowed a .22 single shot rifle from Hugh Neal around 9:00 a. m. to take with him when he ran his groundhog traps. The traps were on the opposite side of the mountain (a distance of two or three miles) from the place where the still was located. It took him about an hour and a half to run his traps. When he finished he went to the sawmill where he saw Dunaway between 11:00 and 11:30 a. m. He said the rifle he had with him at that time was Neal's single shot .22. Neal said he loaned a .22 single shot rifle to Tipton and let him have six shells, three of which were returned.

The evidence of Tipton's guilt is circumstantial, aside from the fact that Rucker definitely placed him at the scene of the shooting. An effort was made to get Rucker to say that previously he had said he did not know who it was who jumped behind the tree, but a careful reading of all his testimony convinces us that he was positive in his identification of Tipton. When the

officers were testifying as to the shots coming from the direction of the still, they used the word "they", thereby indicating that more than one person was shooting at them. Doubtless this was the case, but only Tipton was indicted.

The facts in this case are similar to those in Eve v. Commonwealth, 278 Ky. 123, 128 S.W.2d 616. We held that the circumstantial evidence pointing to Eve's guilt was sufficient to warrant the submission of the case to the jury. In the case before us there is the testimony of Rucker that Tipton was seen at the place where the shooting occurred. In Abrams v. Commonwealth, Ky., 243 S.W.2d 902, and Johnson v. Commonwealth, Ky., 244 S.W.2d 736, we held that circumstantial evidence must go beyond suspicion and be so unequivocal and incriminating as to exclude any reasonable hypothesis of innocence. We think the evidence pointing toward Tipton's guilt meets this test and that the case was one for the jury.

We find no basis for the giving of an instruction on shooting and wounding another in sudden heat and passion, a lower degree of the offense with which Tipton was charged. Tipton said he was not at the scene of the shooting and that he did not fire the shots. Therefore, there was no evidence on which to base such an instruction. Eve v. Commonwealth, 278 Ky. 123, 128 S.W.2d 616; Hurst v. Commonwealth, 284 Ky. 599, 145 S.W.2d 520. Likewise, there is no basis for a self-defense instruction. No one other than Tipton was indicted, so there was no basis for an instruction on aiding and abetting another, even though one or more persons may have joined in firing at the officers. A person may not be convicted of aiding and abetting another in the commission of a crime unless he is charged with having done so, or unless the indictment names two or more persons ·as the perpetrators. Bailey v. Commonwealth, 295 Ky. 441, 174 S.W.2d 719; Cupp v. Commonwealth, 296 Ky. 464, 177 S.W.2d 581.

Judgment affirmed.