## Utterback v. Commonwealth.

(Decided January 7, 1921.)

### Appeal from Mason Circuit Court.

1. Appeal and Error—Evidence.—A party, upon appeal, cannot complain of evidence upon the trial to which he neither objected nor excepted, at the time.

2. Criminal Law—Submission to Jury.—In a trial of one accused of a crime or misdemeanor, where there is any evidence of guilt, although circumstantial, it is the duty of the court to submit the issue to the jury.

3. Criminal Law—Setting Verdict Aside.—A verdict of a properly instructed jury in a criminal trial will not be set aside, upon the

ground, that it is against the evidence, unless it is' palpably against the weight of the evidence.

A. D. COLE for appellant.

CHAS. I. DAWSON, Attorney General, C. W. LOGAN, Assistant Attorney General, and B. S. GRANNIS, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

The appellant, Jesse Utterback, was jointly indicted with George Hambric and Mat Washington for the crime of grand larceny, committed, as alleged by taking, stealing and carrying away, from the possession of Chas. Gamby, twenty-five dollars in currency, which was the personal property of Gamby, and with the intent to convert it to their own use and benefit, and to permanently deprive the owner of the use and benefit of it. The indictment while it alleged that one or the other of the parties indicted actually did the stealing, and which one of them so did, was to the grand jurors unknown, it charged that one or the other of them did the actual stealing, and the other two were present at the time and place, and aided and abetted the one who actually took the money from Gamby. The appellant, Utterback, having requested a separate trial, the Commonwealth's attorney elected to first proceed against him. The trial resulted in a verdict of the jury finding him guilty of the crime charged in the indictment and fixing his punishment at confinement in the penitentiary for two years, and a judgment was rendered accordingly. The appellant's motion for a new trial having been overruled, he has appealed to this court and urges as grounds for a reversal of the judgment that the court erred to his prejudice, first, in admitting incompetent evidence against him, and second, in denying a motion for a peremptory instruction in his behalf, and third, in denying him a new trial upon the ground that the evidence was insufficient to support the verdict.

The grounds upon which the reversal is sought, make it necessary to consider the evidence heard upon the trial which, in substance, proved the following facts and circumstances. Appellant whose home was at Lawrenceburg, Ky., for some reason not explained, was

in attendance at the fair held near Germantown, in Mason county. There he became an associate of Hambric, whose home was in Cincinnati, Ohio, and of Washington, whose home was in West Virginia. Appellant and his two associates were seen together upon the fair grounds during at least two days of the fair. Charles Gamby, the victim of the larceny, was a colored man, who lived in the neighborhood of Germantown and who was in attendance at the fair, and who had in his rear pants pocket, a pocketbook which contained a ten dollar bill and three five dollar bills. The flap of the pocket was buttoned, but Gamby seems to have been fearful of the loss of his money at the hands of pickpockets, and for that reason frequently felt of his pocket to ascertain if he yet had his money. In the afternoon of Thursday, while a show of farmers' teams was being exhibited, Gamby was standing against the railing around the amphitheater of the fair and viewing the show then being put on. The appellant, Utterback, was leaning with his arm upon Gamby's shoulder and making inquiries of him in regard to the show and the actions of the exhibitors. About two feet in the rear of Gamby sat Hambric and nearby was Washington. In a short time, thereafter, Gamby discovered that his pocketbook and money were gone, and he immediately set out to search for the appellant and his associates, whom he was informed had gone out of the fair grounds in the direction of Germantown, which was about one mile away. He went to Germantown on the hunt for them, but not finding them, returned to the fair grounds where he met with Hambric, and immediately charged him with having purloined his money. Hambric denied any knowledge of it, but he and appellant and Washington immediately and hurriedly went out of the fair grounds and secured seats in an automobile for the purpose and which took them to Maysville. A few minutes after Gamby discovered his loss, Hambric and the appellant were seen, about one hundred yards from the fair grounds, engaged in handling paper money, and within a few feet of where they were seen, in a short time thereafter, Gamby's empty pocketbook was found, lying beside the road. The pocketbook was identified as the property of Gamby, by a ticket in it upon which Gamby's name was written, and besides Gamby testified that it was the pocketbook which he had in his pocket, and which was

taken along with his money. He made complaint to the marshal of the fair, who immediately communicated with the chief of police at Maysville, and who, upon the arrival at that place of the appellant and his two associates, put them under arrest. They denied any knowledge of each other, and, also, denied having the custody of any money. A cursory search by the marshall developed the fact that Washington had three dollars, while Hambric had forty-one cents, and the appellant thirty cents. After the arrival of Gamby at Maysville, which occurred very soon thereafter, a more thorough search was made of the three parties, when the appellant was found to have in addition to the small sum which was found upon his person, upon the first search, a five dollar bill and five one dollar bills, which he endeavored to conceal from the chief of police, who was making the search, by secreting it in his handkerchief, which he laid aside when he was required to disrobe and submit to a thorough search. Hambric was found to have a five dollar bill, in addition to the sum which had already been discovered upon him. This made the sum of $18.71 between them, and they had paid to the driver of the automobile, for conveying them from the fair grounds to Maysville, the sum of two dollars and seventy-five cents.

While the chief of police of Maysville was testifying as a witness, he deposed that he communicated with the marshal of the fair grounds over the telephone, saying to him that he had arrested the three parties and was holding them as prisoners, and that the marshal replied, in substance, that the person whose pocket they had picked was then on his way to Maysville, and would arrive there very soon. This testimony of the chief of police is complained of as being prejudicial to the substantial rights of the appellant. An examination of the transcript develops the fact that no objection was made to this testimony by the appellant, nor was any exception taken to its admission. It is settled by a long line of decisions of this court, that an appellant can not be heard to complain of the admission of testimony to which he did not object in any way upon the trial. Belcher v. Commonwealth, 181 Ky. 516; Dalton v. Dalton, 146 Ky. 18; McGee v. Vanover, 148 Ky. 737; Fish v. Welch's Admr., 157 Ky. 17; Harris v. Commonwealth, 163 Ky. 781.

The same rule prevails in regard to a failure by the party upon whom the burden of proof is cast, in a criminal action, as prevails in a civil one—that is, if the party having the burden of proof does not produce any evidence to sustain his contentions, a verdict should be directed. The appellant was guilty of the crime of which he was accused, if he feloniously took, stole and carried away the money of Gamby, with the intent to appropriate it and to deprive the owner of it, or if Hambric or Washington so took the money and appellant was present and aided or abetted the one so feloniously stealing the money from Gamby, and the court so advised the jury. The appellant was resting his arm upon the shoulder of Gamby, to whom he was a stranger, and conversing with him, while Hambric was sitting about two feet in the rear of Gamby, a few minutes before the loss of the money was discovered. In a very short time, appellant and Hambric were outside of the fair grounds and on the road to Germantown, and were handling paper money as though dividing it, and right at the point where they were seen with the money in their hands, the pocket book, which had contained the money, was found in a very short time; when accused, Hambric and Washington were charged with the theft, they immediately and hurriedly left the grounds for Maysville, where they denied any knowledge of each other or having any money, and the money upon them was not discovered until a second and thorough search was made, when a sum, within three or four dollars of the amount stolen from Gamby, was found upon their persons. One of the bills stolen from Gamby was a ten dollar bill, and no such bill was found in the possession of either the appellant or his confederates, but this is not an insurmountable obstacle to the belief in the guilt of appellant, since he had opportunity to have converted the ten dollar bill into bills of a smaller denomination. Two five dollar bills were found, one upon the accused, and the other in the custody of Hambric. The evidence of appellant's connection with the larceny was circumstantial, but the facts were such as from which the jury was authorized to infer that he was guilty. If there is any evidence, although circumstantial which connects a defendant with a crime, with the commission of which he is accused, it is the duty of the court to submit the issue of his guilt to the jury. Miller v. Commonwealth, 182

Ky. 438; Daniels v. Commonwealth, 181 Ky. 392; Hayes v. Commonwealth, 171 Ky. 291; Commonwealth v. Gritten, 180 Ky. 446; Little v. Commonwealth; 177 Ky. 24. Hence, there was no error in denying the motion of appellant for a directed verdict in his favor, and in submitting the cause to the jury.

Touching the appellant's contention that the evidence was insufficient to support the verdict, and for that reason he was entitled to a new trial, the uniform principle applying in this state to criminal procedure is that a verdict of conviction will not be set aside, unless it is palpably against the weight of the evidence, and this rule prevails as well when the evidence is circumstantial, as when otherwise. Minnaird v. Commonwealth, 158 Ky. 216; Chaney v. Commonwealth, 149 Ky. 467; Wilson v. Commonwealth, 140 Ky. 1; Hall v. Commonwealth, 152 Ky. 812. The verdict in the instant case, although the evidence was circumstantial, does not appear to be either flagrantly or palpably against the weight of the evidence.

The judgment is therefore affirmed.