## Luke and Dewey Hall v. Commonwealth.

(Decided April 19, 1927.)

### Appeal from Floyd Circuit Court.

1. Homicide.—In prosecution for maliciously shooting at another with intent to kill, evidence held insufficient for jury as to one of defendants.

2. Homicide.—In prosecution for shooting at another with intent to kill, mere fact that one defendant was present when other did shooting was not sufficient to make question for jury as to whether he aided and abetted such shooting.

3. Homicide.—Where defendants in prosecution for shooting at another with intent to kill had offered no evidence tending to prove their previous good character for peace and order, it was incompetent for commonwealth in rebuttal to introduce evidence tending to establish that their character in such particular was bad.

4. Criminal Law.—If defendants offer themselves as witnesses, commonwealth may in rebuttal introduce evidence as to general moral character and character for truth and veracity, but only for purpose of affecting their credibility as witnesses and not substantive evidence of guilt.

5. Homicide.—Malice is one of essential elements of crime of shooting at another with intent to kill, in violation of Ky. Stats., section 1166, and instruction authorizing conviction, without requiring jury to believe that shooting was done maliciously, is erroneous and prejudicial; since, without that element, shooting at without wounding is only a misdemeanor in violation of section 1242.

6. Homicide.—Defendant, in prosecution under Ky. Stats., section 1166, for shooting at another with intent to kill, held entitled to instruction under section 1308 for reckless use of a deadly weapon,

where defense was that, though he did shoot, he did not shoot at person alleged; since offense under section 1308 is included within offense charged, and conviction thereof is authorized by Criminal Code of Practice, section 264.

7. Criminal Law.—Failure to instruct on any one of lesser degrees of crime charged in indictment, or on any of lesser crimes included within that charge in indictment, where the evidence authorizes it, is erroneous.

B. M. JAMES and JOE HOBSON for appellants.

F. E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

Appellants, Luke Hall and Dewey Hall, prosecute this appeal from a judgment of the Floyd circuit court convicting them of maliciously shooting at another with intent to kill, and sentencing them to confinement in the state penitentiary for a term of three years and one day each.

These facts appear: Stanley Miller, a boy about 13 years of age, was on the railroad, near the tipple of the Jack's Creek Coal Company, picking up coal. Appellants, both under the influence of whisky, approached, and when they got near to where the boy was, Dewey Hall said: "Get out of the road." The boy's testimony as to what followed is:

"And I stepped over out of the track and never moved, and he filled up his gun and told me to get to hell off the road, and I reached down to get my sack and take it along, and he shot, and I went up the hill, and he come up reloading his gun and commenced talking to my uncle, and they told me to run to the house, and after he come on up, this Dewey Hall came to the corner of the house and waved his gun."

The boy testified that only one shot was fired, while other witnesses for the commonwealth testified that other shots were fired. They stated also that the shots were fired in the direction of the boy. No witness for either party testified that appellant Luke Hall had a pistol on this occasion, or fired any shot, or said anything to Dewey Hall while he was shooting, or was connected

with the shooting in any way further than he was in the vicinity of Dewey Hall when the shots were fired and appeared to be under the influence of whisky. One witness for the commonwealth testified that after the shooting was over Luke Hall insisted that he (the witness) take a drink of whiskey. Appellants both admit being under the influence of whisky on the occasion in question, and appellant Dewey Hall admitted that he fired his pistol, as testified to by the witnesses for the commonwealth, but he denied that he was shooting at or in the direction of Stanley Miller or with any intent to kill or wound him, but stated that he was merely shooting into the ground. Both of them testified that appellant Luke Hall did no shooting, had no pistol, and did nothing to aid, encourage, or abet Dewey Hall in the shooting he did, but that on the other hand he advised him not to shoot.

In this state of case the court concludes that the contention of counsel for appellant that there was not sufficient evidence to take the case to the jury as to appellant Luke Hall is well founded. The mere fact that Luke Hall was present when Dewey Hall did the shooting is not sufficient to make it a question for the jury whether he aided and abetted such shooting. See Levering v. Commonwealth, 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140.

It is insisted that the trial court erred in admitting incompetent evidence over the objection of appellants. After the witnesses for the commonwealth had testified in chief and the defendants and their witnesses had testified in chief, the commonwealth introduced a number of witnesses, who, over the objection of appellants, were permitted to testify that they were acquainted with the general reputation of the appellants for peace and good order and that it was bad, and that they were acquainted with their general moral character and that it was bad. The appellants had introduced no testimony to establish their good character.

As was said in Warrix v. Commonwealth, 195 Ky. 795, 243 S. W. 1025:

"In the trial of any criminal or penal offense, the defendant may introduce evidence conducing to prove his previous good character upon the subject of the trait of character involved in the accusation. This evidence is for the purpose of showing, that it is probable, that he is not guilty of the offense

charged. When a defendant has introduced such evidence in his behalf, the prosecution may rebut it by evidence that the accused has a bad character, but there is no principle of criminal jurisprudence better established than that such evidence cannot be offered against an accused until he has first opened the door by offering evidence of his prior good character. Young v. Commonwealth, 6 Bush, 312; Petty v. Commonwealth [15 S. W. 1059], 12 Ky. Law Rep. 919; Calhoun v. Commonwealth, [64 S. W. 965], 23 Ky. Law Rep. 1188; Lockard v. Commonwealth, 87 Ky. 201, 8 S. W. 266. Hence, the evidence as proof of guilt was not admissible, as appellant made no attempt to prove his good character.''

In view of the fact that appellants had offered no evidence conducing to prove their previous good character in the particular in which it was involved in the accusation—that is, character for peace and good order —it was incompetent for the commonwealth in rebuttal to introduce evidence tending to establish that their character in that particular was bad.

Having offered themselves as witnesses it was competent for the commonwealth in rebuttal, as affecting their credibility as witnesses, to introduce evidence that their general moral character and their character for truth and veracity was bad. However, that testimony is competent only for the purpose of affecting their credibility as witnesses, and not as substantive evidence of guilt, and when admitted must be explained by an admonition of the court to the jury as to the purpose for which it may be considered. No such admonition was given the jury in this case. Hence, the trial court clearly was in error in this particular.

Appellant urges that instruction No. 1 given herein was erroneous because, as it submitted the case to the jury, it was not required to believe that the shooting with intent to kill was done maliciously. This contention seems to be sound. The crime with which appellants were charged in the indictment is denounced as a felony by section 1166, Kentucky Statutes, and malice is one of its essential elements. An instruction which authorizes the conviction of one charged under that section of the statutes without requiring the jury to believe that the shooting at with intent to kill was done maliciously is clearly erroneous and prejudicial. Without that element shoot-

ing at without wounding is only a misdemeanor, as denounced by section 1242, Kentucky Statutes.

Instruction No. 2 is erroneous, as appellant insists. It reads: "But if you do not believe as in instruction No. 1, but shall believe that the defendant Dewey Hall within 12 months, etc." By this instruction the jury was not even required to confine itself to the evidence in arriving at a verdict, and certainly not required to believe from the evidence beyond a reasonable doubt as our system of criminal jurisprudence demands.

Dewey Hall's defense seems to have been that though he shot he did not shoot at Stanley Miller, but was merely drunk and shooting "to hear my gun crack," as he put it. This occurred in the coal camp in a public place. It would seem that he was entitled to an instruction under section 1308, Kentucky Statutes, for reckless use of a deadly weapon, denounced as a misdemeanor, with punishment upon conviction at a fine not less than $50 nor more than $100, or imprisonment not less than 10 nor more than 50 days, or both—an offense included within the offense charged in the indictment. A conviction under the latter statute is authorized by section 264 of the Criminal Code of Practice. We have uniformly written that failure to instruct on any of the lesser degrees of the crime charged in the indictment, or on any of the lessor crimes included within that charged in the indictment, where the evidence authorizes it, is erroneous. Harris v. Commonwealth, 218 Ky. 798, 292 S. W. 467.

For the reasons indicated, the judgment herein is reversed and cause remanded for other proceedings consistent herewith.