## Crabtree v. Commonwealth.

(Decided December 18, 1928.)

KENNEDY & JONES for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

This is an appeal from a judgment convicting appellant of the crime of maliciously shooting at his wife with the intent to kill her, but without wounding her, and fixing his punishment at one year's imprisonment in the state reformatory.

The facts are these: Appellant and his wife had become estranged. She and the children occupied the residence, while he lived in his blacksmith's shop near by. It is claimed, however, that he and his wife occasionally visited each other. On the occasion in question, appellant's wife and two daughters were sleeping in the same bed.

Mrs. Crabtree first heard appellant out on the porch. He was quarreling, and fired one shot there. He then came into the house on all fours. She lighted a match. Appellant told her to put the match out or he would shoot it out. She blew out the match, and appellant fired several shots. One of the shots struck the wall near by, only a few inches from her head. Appellant was pretty drunk at the time. On the other hand, appellant claims that when his wife lighted the lamp he told her to put it out, or he would shoot it out. He never shot at his wife, but shot at the lamp, and did not intend to shoot at or kill his wife.

Since at least one of the shots was fired in the direction of his wife and came near striking her, it was for the jury to say whether or not he maliciously shot at his wife with the intent to kill her.

In addition to an instruction submitting the felony charge, the court gave a second instruction authorizing the jury to find appellant guilty of a misdemeanor if they believed from the evidence beyond a reasonable doubt that he shot at his wife in sudden heat and passion, and without malice, and not in self-defense.

Appellant's chief insistence is that he was entitled to an instruction under section 1308, Kentucky Statutes. This precise question was before the court in the case of Luke & Dewey Hall v. Commonwealth, 219 Ky. 446, 293 S. W. 961, and we there held that the holding or flourishing, or use in threatening or boisterous manner, of a deadly weapon, which is made a misdemeanor by section 1308, is included in an indictment under section 1166, Kentucky Statutes, and the failure to instruct thereon, where the evidence authorizes it, is prejudicial error. Appellant's defense was that he did not shoot at or intend to kill his wife, but shot at the lamp, and fired several shots because he was drunk. If this be true, appellant was not guilty of malicious shooting at another with intent to kill, but was guilty of the lesser offense denounced by section 1308. Since under the given instructions the jury could not have found appellant guilty of a misdemeanor unless he acted in sudden heat and passion, as to which there was no evidence, it results that the failure to instruct under section 1308 was prejudicial error.

There being no evidence that the shooting was in sudden heat and passion, instruction No. 2 submitting

that phase of the case will be omitted on another trial, and in lieu thereof the court will give an instruction under section 1308, Kentucky Statutes.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.