## Hall v. Commonwealth.

(Decided May 24, 1929.)

CAUDILL & TACKETT for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Affirming.

The appellant was convicted in the Floyd circuit court of the crime of maliciously cutting and wounding another with intent to kill, and sentenced to the penitentiary for one year. On this appeal he urges that the verdict is not supported by the evidence.

The testimony shows that appellant and the prosecuting witness, West Music, resided near each other on Abbott's creek in Floyd county. Shortly before the difficulty between them, Music passed down the road fronting appellant's home; they spoke to each other in a friendly manner and then engaged in conversation concerning their chickens, each claiming that the other's chickens were running in and scratching up his corn. The conversation developed into an argument, and the argument developed into a fight in which Music was cut and seriously wounded by appellant, who says Music cut and

wounded him. Each accused the other of starting the difficulty, and they are the only witnesses who testified concerning the fight. Under this state of the testimony, the case was one for the jury. The rule is that, if there is any evidence which tends to show that the accused committed the crime with which he is charged and for which he is on trial, the question of his guilt or innocence is for the jury. Commonwealth v. Stringer, 195 Ky. 717, 243 S. W. 944; Utterback v. Commonwealth, 190 Ky. 138, 226 S. W. 1065. It is also the rule that this court is without authority to reverse a judgment of conviction, unless the verdict is so papably against the evidence as to shock the conscience and compel the conclusion that it is the result of passion or prejudice. Moore v. Commonwealth, 223 Ky. 128, 3 S. W. (2d) 190; Brown v. Commonwealth, 226 Ky. 255, 10 S. W. (2d) 820.

It is also urged that the court erred in excluding competent evidence offered by appellant. A witness for the commonwealth testified to the reputation of the prosecuting witness for peace and quietude. On his cross-examination, counsel for appellant asked him these questions: "You heard about him cutting Joe Click?" and "You heard about the trouble he had with Bill Hall?" To each of which the objection of the commonwealth was sustained. Such evidence was competent and its exclusion was erroneous; but no avowal was made as to what the witness would have said if permitted to answer, and we have no way of knowing whether he had heard anything about the matter inquired of or not. This ground cannot therefore be sustained. Gregory v. Commonwealth, 187 Ky. 188, 218 S. W. 999; Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. (2d) 336.

It is next urged that the instructions are erroneous. The court instructed the jury under both sections 1166 and 1242, Kentucky Statutes. This was proper. By instruction No. 1 (under section 1166) the jury were instructed that, if they believed from the evidence beyond a reasonable doubt that the appellant "not in his necessary or apparently necessary self-defense, willfully, maliciously, and feloniously cut, stabbed, and wounded West Music with a knife, a deadly weapon, with intent to kill him," to find him guilty and fix his punishment at confinement in the penitentiary for not less than one year nor more than five years in their discretion. By instruction No. 2 (under section 1242) the jury were told that if they did not believe as set out in instruction No. 1,

but did believe beyond a reasonable doubt that the appellant "in sudden affray or in sudden heat of passion, not in his necessary or apparently necessary self-defense did, without previous malice, *willfully and feloniously* cut, stab, and wound West Music with a knife, a deadly weapon," to find him guilty of cutting and wounding in sudden affray, or in sudden heat of passion, and to fix his punishment at a fine of not less than $50 nor more than $500, or imprisonment in the county jail for not less than six months nor more than one year, or both so fine and imprison within those limits.

Appellant contends that, since the crime denounced by section 1166 and the punishment to be inflicted under it are conditioned upon the fact that the person wounded did not thereby die, the instruction under that section should have followed the statute, and the omission of the words "did not thereby die," or words of similar import, rendered the instruction erroneous. This contention is wholly without merit. The wounded man was before the jury and testified, and, of course, the jury knew that he had not died as the result of his wounding.

It is also claimed that as the crime denounced by section 1242 is a wounding in sudden affray or in sudden heat of passion, and not done willfully or feloniously, the inclusion of the words "willfully and feloniously" in instruction No. 2 rendered that instruction erroneous. To this we cannot agree. The effect of the inclusion of these words made the instruction more favorable to appellant than he was entitled to. It permitted the jury, even though they might believe the cutting and wounding was done *willfully* to convict the defendant of the misdemeanor, and inflict upon him only a fine or jail sentence or both.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.