## Keys v. Commonwealth.

(Decided Sept. 27, 1935.)

W. J. STONE for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MUR-PHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Avery Keys appeals from a judgment convicting him of malicious shooting without wounding, and fixing his punishment at two years' imprisonment.

According to the witnesses for the commonwealth appellant called at the office of Ed Shackelford, a Bell county magistrate, for the purpose of ascertaining whether or not Shackelford had issued a warrant against him, charging him with the offense of shooting on a public highway on the day previous. During the conversation both became angry and appellant left the office. Immediately on closing the door he reopened it and fired several shots at the magistrate, who returned the fire. On the other hand, appellant testified that Shackelford fired the first shot as appellant was leaving the office, and thereupon appellant fired several shots at Shackelford in self-defense.

We do not find any error in the admission or rejection of evidence, and it is at once apparent that the

evidence was sufficient not only to take the case to the jury, but to sustain the verdict.

Indeed the only ground urged for a reversal is that the court's instructions did not require the jury to believe that the shooting without wounding was with the intent to kill. The question turns on whether the intent to kill is an essential element of the crime of malicious shooting at another without wounding. The crime is statutory and is embraced in chapter 47, Acts 1934, now section 1166, Kentucky Statutes, Baldwin's 1934 Supplement, reading as follows:

"If any person shall willfully and maliciously shoot at another without wounding [or shoot at or into any railroad engine or cars attached thereto, passenger coach, station, station platform or waiting room, steamboat, automobile, passenger bus, truck or other motor vehicle, occupied by any employee, passenger or other person or persons, or cast into the same a stone or other dangerous or deadly missile, or draw or present a pistol, with intent to willfully or maliciously shoot in or on a railroad engine, or cars attached thereto, passenger coach, station, station platform, waiting room, steamboat, automobile, passenger bus, truck or other motor vehicle, occupied by any employee, passenger or other person or persons], or shoot at and wound another with intention to kill him so that he does not die thereby, or shall wound a person other than the person shot at so that he does not die thereby, with a gun or other instrument loaded with a leaden bullet or other substance, or shall willfully or maliciously cut, strike or stab another with a knife, sword or other deadly weapon with intention to kill, if the person so stabbed, cut or bruised die not thereby, or shall willfully and maliciously administer poison to another, if death do not ensue in consequence thereof, he and any person who aided, counselled, or advised or encouraged him, shall be confined in the penitentiary not less than two or more than twenty-one years."

Omitting that portion of the statute within the parentheses, which has no bearing on the question, the statute reads:

"If any person shall willfully and maliciously shoot at another without wounding, or shoot at and wound another with intention to kill him so that he does not die thereby," etc.

When thus read it becomes apparent that the words "with intention to kill him" modify only the words "shoot at and wound another," and do not modify or refer in any way to the words "shoot at another without wounding." In other words, the statute creates two offenses; one of willfully and maliciously shooting at another without wounding, in which case the intent to kill is not a part of the offense, and the other of shooting at and wounding another with intention to kill him, in which event the intent to kill is an essential element of the crime. As the intent to kill is not a part of the crime of maliciously shooting at another without wounding, it follows that the court did not err in omitting that element from the instructions.

Judgment affirmed.