## Smith v. Commonwealth.

Nov. 19, 1940.

Flem D. Sampson, Judge.

B. B. Snyder for appellant .

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Under an indictment charging him with the crime of maliciously cutting and wounding another with a deadly weapon with the intent to kill, John Smith was convicted and sentenced to imprisonment in the state penitentiary for a term of two years.

Earl Ferguson and Clarence Smith, a brother of John Smith, engaged in a fight on the street in Williamsburg. Ferguson had knocked Smith down and was standing over him when appellant approached from the rear and cut Ferguson on the hip with a pocket knife. The evidence shows that the cut was superficial. On this appeal appellant complains only of alleged errors in the instructions.

Instruction No. 1 told the jury to find the defendant guilty as charged in the indictment, and fix his punishment at confinement in the state penitentiary for not less than 2 years and not more than 21 years, in their discretion, if they believed from the evidence, beyond a reasonable doubt, that the defendant "unlawfully, willfully, and feloniously cut, thrust or stabbed the witness, Earl Ferguson, with a knife, a deadly weapon, with intention to kill him" at a time when it was not necessary so to do in defense of himself or his brother, Clarence Smith. This instruction erroneously omitted the word

"maliciously," but we think the error was cured by subsequent instructions. Instruction No. 2 told the jury to find the defendant guilty of the misdemeanor defined in Section 1242, Kentucky Statutes, which is a lower degree of the offense defined in Section 1166 of the Statutes, the one charged in the indictment, if they did not believe, as set out in instruction No. 1, but did believe from the evidence, beyond a reasonable doubt, that the defendant unlawfully and willfully cut Ferguson with a knife in sudden heat of passion or sudden affray and without previous malice. Instruction No. 4 reads:

> "If you believe from the evidence, beyond a reasonable doubt, that the defendant, John Smith, has been proven guilty but entertain a doubt from the evidence as to whether his crime be that of maliciously cutting and wounding another with a deadly weapon with intention to kill him, as set out in the indictment, or, the lower offense of cutting another in sudden heat of passion or sudden affray, it is your duty to give the defendant the benefit of the doubt and find him guilty of the lower offense and fix his punishment for cutting in sudden heat of passion, as set out in Instruction No. II."

Instruction No. 6 defines malicious as employed in the instructions and in the indictment as "the predetermination to do the act of cutting or stabbing, and it is immaterial how suddenly or recently next before the cutting or stabbing such determination was formed."

When these instructions are read together, they clearly tell the jury that they cannot find the defendant guilty of the felony charge unless they believe the cutting was done maliciously. The instructions taken as a whole make malice the distinguishing element between the offense defined by Section 1166 of the Kentucky Statutes and the misdemeanor defined by Section 1242. This distinguishes the present case from Pack v. Commonwealth, 282 Ky. 835, 140 S. W. (2d) 626. In the Pack case an instruction similar to instruction No. 4 in the present case was not given, and the word "maliciously" was not defined. Instruction No. 4 clearly told the jury that they could not convict appellant of the felony charged in the indictment unless they believed, beyond a reasonable doubt, that he maliciously cut and wounded Ferguson.

Appellant attacks that part of instruction No. 1 fixing the penalty, which reads: "At not less than 2 years and not more than 21 years." It is argued that "nor" should have been used instead of "and not." We are unable to conceive how this could have misled the jury.

Appellant also complains because the court failed to tell the jury whether Ferguson lived or died, but he appeared at the trial and testified, and, as said in Hall v. Commonwealth, 229 Ky. 646, 17 S. W. (2d) 751, 752: "The jury knew that he had not died as the result of his wounding."

It is finally insisted that the instruction on self-defense is erroneous in that it failed to tell the jury that the defendant "had a right to use such means as reasonably appeared to him to be necessary to prevent such danger, real or, to the defendant, reasonably apparent." The instruction on self-defense told the jury to acquit the defendant if they believed from the evidence that at the time he cut Ferguson he believed, and had reasonable grounds to believe, that he or his brother, Clarence Smith, was then and there in danger of death or the infliction of some serious bodily harm at the hands of Earl Ferguson. The instruction as given was more favorable to appellant than the instruction he claims should have been given.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.