## Combs v. Commonwealth.

Oct. 31, 1944.

J. M. Dixion for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant was convicted of the offense denounced by 435.170 KRS, which combines sec. 1166 and 1227a, KS 1936 and Supp. 1940. So much as is pertinent reads: "Any person shall be confined in the penitentiary for not less than two nor more than twenty-one years who: (1) Willfully and maliciously, with a gun or other instrument loaded with a leaden bullet or other hard substance, shoots at another without wounding him * * *," then follows this denounced offense, "or shoots at and wounds another with intent to kill him so that he does not die from the wound * * *."

Appellant was put to trial in December of 1943, but the jury disagreed. He went to trial thereafter, the jury finding him guilty and fixing his punishment at confinement for a period of two years. In his motion for a new trial he set up five grounds in support, but on appeal abandons all save two: Errors of the Court (1) in failing to give instructions embodying the whole law and in giving erroneous instruction; (2) in not sustaining motion for new trial on ground of evidence newly discovered.

Briefly the testimony shows that appellant lived on one side of Carr's Fork, and Goodloe Combs, prosecuting witness, lived just across the stream. Goodloe testified that about 2:00 or 2:30 p. m., August 28, 1943, while he was plowing on a part of his farm, about 400 yards from appellant's home, some shots were fired, as he conceived, from the neighborhood of appellant's home. Goodloe stopped his work and came down the hill toward a gate; the shooting continued, and he saw appellant on the porch of his home, and he fired the rifle twice. Some of the shots came near him, one or two "raising the dust" near his feet; none of the shots struck him. His testimony was corroborated by several witnesses.

Appellant testified that he was not at home at the time fixed by Goodloe when the shooting occurred; that at no time during the day did he see Goodloe, or fire the rifle. He said that his brother Oscar was, later in the afternoon, shooting around the house. He said that after the shooting he was on the front porch. Oscar testified that he was using the 22 rifle shooting at bull bats, and that while he was shooting appellant came up and asked what he was doing; he admitted that he did not know the

precise time, but it was "along in the evening, about 3 or 3:30." There was some corroborative testimony.

In his instruction the court told the jury that, if they believed beyond a reasonable doubt that appellant at the time and place "did unlawfully and feloniously shoot at Goodloe Combs with a gun * * * intending to kill him, but from which he did not die, and said shots did not hit him, the jury should find him guilty." This instruction is copied from Stanley's Instructions, sec. 809, and noted as being taken from Dowell v. Com., 108 S. W. 847, 32 Ky. Law Rep. 1344. There is, however, this difference: In the Dowell case the court used the words "wilfully and maliciously," together with "unlawfully and feloniously," the former words, perhaps, omitted from the instruction by oversight. The instruction here also used the words "intending to kill him," as used in the Stanley quotation. The Dowell case was written long prior to Keys v. Com., 260 Ky. 465, 86 S. W. 2d 121, in which we analyzed sec. 1166 KS, and held that the section insofar as it denounced the malicious wilful shooting at without wounding, and shooting at and wounding with intent 'to kill, created two distinct offenses, "one of wilfully and maliciously shooting at another without wounding, in which case the intent to kill is not a part of the offense, and the other of shooting at and wounding another with intention to kill him, in which event the intent to kill is an essential element of the crime." We held that the omission of the words "with intention to kill," from the Keys' instruction, was not error.

Appellant relies on the recent case, Pack v. Com., 282 Ky. 835, 836, 140 S. W. 2d 626, for reversal. That involved an indictment charging malicious shooting and wounding with intent to kill. In the instruction given, the court omitted the word "maliciously." We cited Hall v. Com., 219 Ky. 446, 293 S. W. 961; Herrold v. Com., Ky., 6 S. W. 121, and others in which we had held failure to charge in the indictment that the shooting was maliciously done, or to submit the question of malice to the jury, constituted error, and that since the instruction omitted the necessary word, and did not follow the language used in the statute, there was prejudicial error. In Greenwell v. Com., 125 Ky. 192, 100 S. W. 852, and Housman v. Com., 128 Ky. 818, 110 S. W. 236, we said that malice is an indispensable ingredient in any offense

under sec. 1166, KS. We reversed in the Pack case, apparently on the sole ground of the faulty instruction.

In the later case of Smith v. Com., 284 Ky. 468, 145 S. W. 2d 51, 52, where there was a conviction under an indictment charging malicious cutting and wounding with intent, the argument was made that a given instruction was erroneous because omitting the word "maliciously." We there held that the error was cured by a subsequent instruction, which told the jury they could not convict unless they believed the cutting was done maliciously. In this respect we differentiated the finding in the Pack case, and said that the instructions as a whole made "malice the distinguishing element between the offense defined by section 1166 of the Kentucky Statutes, and the misdemeanor defined by section 1242."

Counsel for Commonwealth makes vigorous argument to the effect that the word "feloniously," used in the instruction, was sufficient, citing cases where we had held the word to embrace the idea that the act charged was maliciously done. While the words have been loosely and interchangeably used in various opinions, the word "feloniously" does not necessarily embrace the idea of malice aforethought. "Feloniously" means proceeding from an evil heart or purpose, done with a deliberate intention of committing a crime, Taylor v. Com., 172 Ky. 136, 188 S. W. 1087. The word "maliciously" has been frequently held to mean the same as the words "with malice aforethought." Walls v. Com., 257 Ky. 478, 479, 78 S. W. 2d 322, 323, and cases cited. The distinction is rather close and narrow, but in view of the holding in the Pack case, supra, we must hold that the instruction was erroneous in failing to use the omitted word. The better practice would be to always embody in the indictment and instructions the words as used in the statute.

The contention of appellant that he was entitled to an instruction on the offense of wanton, careless or reckless handling of a firearm, a misdemeanor, is without merit since there were no facts upon which to predicate such an instruction. There is no necessity for discussing the alleged error in the court's refusal to grant a new trial upon the ground of newly discovered evidence, further than to say that the affidavits in support were technically deficient, and the evidence found after

trial was merely of cumulative nature. The same situaation will not likely arise on another trial.

Judgment reversed with directions to grant appellant a new trial consistent herewith.