## Denham v. Commonwealth.

Oct. 5, 1945.

W. N. Flippin for appellant.

Eldon S. Dummit, Attorney General, John M. Kennedy and W. R. Jones for appellee.

Opinion of the Court by Judge Thomas—Reversing.

Appellant, Elmer Denham, was convicted in the Pulaski circuit court of having committed one of the statutory offenses created and described in subsection (4) of section 435.170 KRS, i. e. wilfully and maliciously shoot-

ing into the dwelling house of John Ferrell in which he and his family then resided. The section in its subdivisions (1), (2), (3), (5) and (6) describes and creates other offenses but all of which, under the terms of the section, must have been committed "wilfully and maliciously." The testimony in the case amply supports the verdict of the jury and none of the errors complained of in the motion for a new trial, which the court overruled, appear in the case, except instruction No. 1 submitting the facts to be found by the jury upon which it should return a verdict of guilty.

The door through which defendant fired two shots from a pistol was at the back of the Ferrell residence. He approached it and sought entrance into the dwelling at about 8 o'clock A. M. on one Saturday morning in February, 1945. Mr. Ferrell was absent from home at that time, and the only persons then in the dwelling were Mrs. Ferrell and some children. His approach to the door was seen by some of the inmates, and Mrs. Ferrell locked it. Defendant testified that one Estill Jones wanted to buy from him the pistol he was then carrying and wanted to borrow the money with which to make the purchase from John Ferrell, and he went to Ferrell's residence with Jones to see if Ferrell would lend Jones the necessary money. He was then asked:

"Q. What did you do when you got around there? A. I took hold of the door, I was going in to see John, but the door was locked.

"Q. Go ahead and tell what happened then. A. Well, I had the pistol in my hand and it went off some way.

"Q. You say you couldn't get the door open? A. No, Sir, it was locked or something."

He then stated that he was drunk, and when asked about the extent of his intoxication he said, "Well, I was drunk enough I let the pistol go off." That testimony is all that was given on the only interposed defense to the prosecution and which, as will be seen, is most glaringly insufficient for that purpose.

Instruction No. 1, of which complaint is made, says:

"If the jury believe from the evidence in this case beyond a reasonable doubt that in this county and be-

fore the finding of the indictment, the defendant, Elmer Denham, did unlawfully and feloniously shoot, fire and discharge a pistol, a deadly weapon, into the dwelling house of John Ferrell, at a time when the said dwelling house was occupied by Mrs. John Ferrell and other members of her family, and this not in his necessary self-defense, you will find the defendant guilty and fix his punishment at confinement in the State Penitentiary for not less than two nor more than 21 years in the discretion of the jury.''

No objections are made to other instructions, and none could be made successfully, nor is any ground argued in brief of counsel for appellant for a reversal of the judgment, except the error in instruction No. 1. That error is, that the court omitted from that instruction the absolutely necessary elements of the crime charged in the indictment, i. e., that the shooting must have been done ''wilfully and maliciously,'' and this court has held—and other courts have likewise held—that statutory offenses should be charged in the indictment, and submitted by the instructions in the language of the creating statute, or possibly in language of necessarily implied import. It is founded upon the proposition that such descriptive words in the statute are necessary elements to constitute the particular offense.

The latest case from this court so holding is Combs v. Com., 298 Ky. 481, 183 S. W. 2d 486. The offense there involved was that of ''willfully and maliciously'' shooting at another without wounding him, which is created in subsection (1) of the section of the statute supra. Many of our prior opinions announcing the absolute necessity of incorporating in the instructions upon which a guilty verdict might be returned are cited therein, and in which we held that the words ''wilfully'' and ''maliciously'' (both) should be incorporated in the instructions of the court, as well as contained in the indictment, some of which are: Taylor v. Com., Ky., 5 S. W. 46; Herrold v. Com., Ky., 6 S. W. 121; Hall et al. v. Com., 219 Ky. 446, 293 S. W. 961; Coates v. Com., 235 Ky. 683, 32 S. W. 2d 34; and Pack v. Com., 282 Ky. 835, 140 S. W. 2d 626.

In the face of such unanimity of opinions by this court without a single dissent, and in the face of the explicit wording of the statute itself, and likewise in

534

the face of the very language of the indictment containing such omitted words from the instruction the court nevertheless failed to incorporate in its instruction No. 1 such necessary elements to constitute the offense for which appellant was on trial, thereby rendering it absolutely necessary that the judgment should be reversed, although we might entertain the opinion that the jury may not have been misled by the omission of the omitted words from the instruction. Such erroneous oversights or mistakes are costly to the Commonwealth and create unnecessary consumption of time of the trial court in going through another trial, all of which could be so easily avoided by the exercise of proper care and caution.

Wherefore, for the reasons stated, the judgment is reversed with directions to set it aside and for subsequent proceedings consistent with this opinion.