## Johnson v. Commonwealth.

June 10, 1949.

Shumate & Shumate for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Paul Johnson, Roscoe Johnson, and Siddie Johnson were jointly indicted for malicious shooting at Z. T. Hurst with intent to kill. It was ascertained that Siddie Johnson was not involved, so only Paul Johnson and Roscoe Johnson were tried. The jury returned a verdict of acquittal for Roscoe and found Paul guilty and fixed his punishment at 2 years in the Penitentiary. He appeals urging two principal grounds for reversal, namely: (1) Error in instructions, and (2) that the verdict is flagrantly against the evidence.

On the day of the shooting, appellant and his cousin, Roscoe, in company with two Mullins boys, riding in a one-seated car driven by Roscoe Johnson, had been to Beattyville where they had obtained one-half gallon of liquor. All of them "liquored up." In going from Beattyville to Mill Branch they overtook and passed the car driven by Z. T. Hurst, accompanied by his nephew, Ralph Sherman. While passing the Hurst car, three shots were fired by an occupant of the Johnson car. Mr. Hurst testified definitely and positively that appellant, Paul Johnson, is the man who had the gun and fired the shots; that the shots were fired directly at him; and that they went over the hood. He stated that they would have hit him had it not been for the fact that he was driving slower than the Johnson car. He is corroborated in this by his nephew.

Testimony for the Commonwealth further shows that the Johnson car stopped after the shooting and that Roscoe Johnson who had stepped out of his car, said to Hurst as he approached them, "What the hell is your hurry?" or "What in the hell is your God dam hurry?" Whereupon, Hurst stepped on the gas and hurried on. The testimony further shows that soon after this affray the Johnson car proceeded on up the road and in a little distance Roscoe Johnson, the driver, lost control of the car and it plunged into a field of a Mr. Davis, and that the two Mullins boys immediately left the scene of the accident to go after their car and come back and pull them out, but upon their return they also had a wreck.

Mr. Davis testified that he found a gun at the place where the car had run into his field.

That is the sum and substance of the evidence for the Commonwealth.

Only Roscoe and Paul Johnson testified for the defense. Paul testified that he sat next to Roscoe, who was driving the car; that Bowser Mullins was sitting on the right hand side; Ed Mullins was sitting in appellant's and Bowser's laps; and that as they passed the Hurst car Ed Mullins held the pistol out of the car and fired three shots straight up in the air, which was the only firing that was done. They admitted that they stopped their car after passing the Hurst car. They admitted the wreck further up the road, and also the wreck of the Mullins boys. They admitted that they were "pretty tight."

On the above facts appellant is urging two grounds for reversal, namely: (1) The verdict is flagrantly against the evidence, and (2) the court erred in not giving a misdemeanor instruction. Obviously, there is no merit in the contention that the verdict is flagrantly against the evidence. Much is said about Mr. Hurst testifying that Paul Johnson had sideburns, and that since Ed Mullins also had sideburns, there is a lack of positive identification. It will be noted that Mr. Hurst definitely and positively identified Paul Johnson, whom he said he had known all of Johnson's life, as the man who did the shooting. Consequently, we must reject this contention of appellant.

The next ground presents a more difficult question. The first impression is that since appellant presented as his defense a denial of the shooting and stated definitely that Ed Mullins, another occupant of the car, had done the shooting, he was not entitled to any instruction other than whether or not appellant fired the shots. But, upon more serious and careful consideration there is presented more than that. It is true Mr. Hurst testified that Paul did the shooting. Paul testified Ed Mullins did the shooting. That matter was properly submitted to the jury. But Paul also testified that what shooting was done was straight up in the air, and the jury in convicting him had to believe that Paul was the man who did the shooting, and it was necessary for the jury further to believe that the shooting was at Mr. Hurst.

In Crabtree v. Commonwealth, 227 Ky. 65, 11 S. W. 2d 1000, this court said:

"Appellant's chief insistence is that he was enti-

tled to an instruction under section 1308, Kentucky Statutes. This precise question was before the court in the case of Hall v. Commonwealth, 219 Ky. 446, 293 S. W. 961, and we there held that the holding or flourishing, or use in threatening or boisterous manner, of a deadly weapon, which is made a misdemeanor by section 1308, is included in an indictment under section 1166, Kentucky Statutes, and the failure to instruct thereon, where the evidence authorizes it, is prejudicial error.''

Most all cases covering situations somewhat parallel to this, dealing with the right to an instruction based on KRS 435.200, formerly section 1308 of Kentucky Statutes, making it a misdemeanor to draw, point, or flourish a deadly weapon on a public highway, and which is included in and made a lesser degree of crime under an indictment pursuant to section 1166 of Kentucky Statutes, now KRS 435.170, are cases where defendant admitted doing the shooting, but claimed same was accidental or entirely without intent. In the instant case the defendant denies the shooting.

Muncy v. Commonwealth, 265 Ky. 730, 97 S. W. 2d 606, 609, cited by appellee, does not solve the problem. There it was held that instructions are only to be given as to matters about which there is an issue or possible issue. True, and as here, a denial of any shooting whatever by appellant or any of his companions was entered and there was no evidence upon which an instruction under KRS 435.200 could be given. However, it will be noted that the court said:

''We have a case where the accused was indicted solely for the offense denounced by section 1166, Ky. St., and it was sufficient to instruct in the language of that section, of course coupled with an instruction under 1242, Ky. St., shooting at and wounding in sudden affray, without malice.''

Consequently, we see there was a misdemeanor instruction coupled with the instruction in the language of the indicting section. Here we have the testimony of appellant that the shooting was in the air and not at the prosecuting witness. The nephew of Mr. Hurst, in demonstrating to the jury how the shots were fired, first placed his arm at a 45 degree angle. Although he low-

ered this somewhat later, he testified that the shots either went over the hood of the car or over the top of the car. The testimony of the two taken together certainly is sufficient to put in issue the lesser degree of crime as contained in KRS 435.200. We conclude, therefore, that failure to give the cited instruction constitutes reversible error.

Mention is made in the brief that appellant was entitled to a change of venue. Appellant properly views the matter by the following statement in his brief:

"We think the trial court had such a wide discretion in ruling on this motion, that this court would not reverse this case on that ground alone, * * *."

The judgment is reversed for proceedings consistent herewith.