# Johnson v. Commonwealth.

May 16, 1950.

Edward P. Hill, Judge.

A. E. Funk, Attorney General, and John B. Browning, Assistant Attorney General for appellee.

VAN SANT, COMMISSIONER—Reversing.

Under an indictment charging him with the crime of willfully and maliciously shooting at another without wounding him, appellant was found guilty and his punishment fixed at confinement in the State Reformatory for a term of two years. He suggests reversal on the following grounds: (1) the court omitted the word "maliciously" in the first instruction; and, (2) the court failed to give an instruction on the reckless use of firearms which it is contended is a degree of the offense of which appellant was convicted and which is denounced by KRS 435.170 (1).

With commendable candor, the Assistant Attorney General, who wrote the brief for the Commonwealth, concedes the judgment should be reversed on the first ground. In a long line of cases this court consistently has reversed judgments because of such an error. Taylor v. Commonwealth, Ky., 5 S.W. 46; Herrold v. Commonwealth, 6 S.W. 121, 9 Ky. Law Rep. 677; Hall v. Commonwealth, 219 Ky. 446, 293 S.W. 961; Coates v.

Commonwealth, 235 Ky. 683, 32 S. W.2d 34; Pack v. Commonwealth, 282 Ky. 835, 140 S.W.2d 626; Combs v. Commonwealth, 298 Ky. 481, 183 S.W.2d 486; Denham v. Commonwealth, 300 Ky. 531, 189 S.W.2d 738. In the Denham case, supra, the offense charged was "wilfully and maliciously" shooting into the dwelling house of another but the same rule is applicable. In that case the court said: "* * * this court has held—and other courts have likewise held—that statutory offenses should be charged in the indictment, and submitted by the instructions in the language of the creating statute, or possibly in language of necessarily implied import."

It was there held that the words "wilfully and maliciously" were used in the statute and failure of the court to include them in the instructions was reversible error. In the Combs case, supra, the offense was the same as that charged in the indictment in this case; and as in this case, the court failed to include the word "maliciously" in the instruction although the word "feloniously," as here, was incorporated therein. This court reversed the judgment and pointed out the difference in meanings of the words "feloniously" and "maliciously."

Consideration of the second ground requires a recitation of the facts adduced by the evidence. At about 6 o'clock p. m. on the 20th day of May, 1947, several men were standing about a truck being repaired in front of the home of James Wells. The prosecuting witness, Palmer Johnson, was leading a mule through a gate toward Well's residence when the defendant appeared on top of a bank and fired a shotgun, hitting the truck, a "paling fence," and a coal house belonging to Wells. The former testified that appellent, before the shooting, passed the field in which he was working and threatened him with the following words: "You had better have that old gray jackass turned out of there and gone before I get back."

Appellant testified that he was taking the shotgun from his home to that of his brother and that he had four loaded shells. He fired the first shot in his yard, the second shot about which complaint is made was fired into some bushes. He later fired another shot into the ground. He testified that he did not know the

crowd was where it was or that his firing the shot was likely to hit anybody.

If the jury believed the evidence of appellant, they could have found him guilty of the crime described in KRS 435.200, which denounces the reckless use of firearms, declaring it to be a misdemeanor, and which, of course, is a degree of the offense charged in the indictment. It is apparent that the court erred in not giving an instruction under this section of the statute. Hall v. Commonwealth, 219 Ky. 446, 293 S.W. 961.

The judgment is reversed with directions that it be set aside and appellant be granted a new trial to be conducted in conformity with this opinion.