Alvin PROFITT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1955.

Rehearing Denied Sept. 30, 1955.

French Hawk and Harry M. Caudill, Whitesburg, for appellant.

J. D. Buckman, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Emmett G. Fields, Whitesburg, for appellee.

SIMS, Justice.

Appellant, Alvin Profitt, was convicted of feloniously shooting at Earl Craft without wounding him and his punishment was fixed at confinement in the penitentiary for two years. KRS 435.170. He asked a reversal upon the sole ground that the court erred when it did not instruct under KRS 435.200 upon the misdemeanor of reckless use of a deadly weapon. To determine whether or not this instruction should have been given, it is necessary to state briefly the facts surrounding the shooting.

Earl Craft, a 17 year old boy, who lived with his parents on a farm which adjoined appellant's, testified that on an afternoon in March 1953, he fired twice at a fox with a single-shot .22 caliber rifle, missed the animal and the shots went into the side of a hill. Thereupon, appellant began firing at him with a repeating .22 caliber rifle from a distance of about 500 yards: Earl ran behind a tree for shelter and two of appellant's shots hit this tree. Earl screamed to his mother that he was being shot at and ran to his home nearby.

Appellant, a man 49 years of age and a former teacher, did not deny shooting at the boy but testified he fired in self-defense and did not attempt to hit Earl, but sought only to frighten him. According to appellant, who was corroborated by his wife and sister, Earl fired several shots at appellant, one of which grazed his shoulder, and it was not until then that appellant returned the fire. But he emphatically testified he did not try to hit the lad and only shot to scare him. Earl denied shooting at appellant.

The evidence is conflicting as to how many shots were fired. Each claimed to have fired twice, but there was testimony that there were some 12 or 15 shots. According to appellant, Earl was only 100 or 115 yards from him and he could have hit the boy had he shot to kill him. Appellant testified, "He (Earl) had his gun up to shoot and I got the shots first to bluff him out. * * * I tried to hit that tree so as to kind of bluff him and make him leave, scare him out without having blood against me". At another point appellant testified, "I got my gun and turned back to fire because I thought my life and my children and my wife's lives was at stake". While appellant testified he and the Crafts were on good terms, which fact the Crafts denied, appellant admitted he accused Earl's father of stealing some wire.

While the indictment charged appellant with "shooting at without wounding another with *intent to kill*", the italicized words are purely surplusage as KRS 435.170 defines the crime as maliciously shooting "at another without wounding him". This court has held in Keys v. Com., 260 Ky. 465, 86 S.W.2d 121, and Combs v. Com., 298 Ky. 481, 183 S.W.2d 486, "Intent to kill held not essential element of the crime of malicious shooting at another without wounding." Since appellant admitted he was shooting at the boy not to kill him but only to bluff him, it is patent he was not entitled to a misdemeanor instruction under KRS 435.200 on the reckless use of a deadly weapon, even though this misdemeanor is a lesser offense in-

cluded in the felony denounced in KRS 435.170.

■ True, there are cases under KRS 435.170 where it is proper to instruct on the reckless use of firearms denounced in KRS 435.200. However, it is proper to instruct on this lower degree of the offense only when the evidence justifies such an instruction. Hurst v. Com., 284 Ky. 599, 145 S.W.2d 520. Here, appellant testified he shot in self-defense and in defense of his family although he did not intend to hit or kill Earl, and it is difficult to see how he can rely upon the reckless use of his gun to reduce his crime to a misdemeanor in the event the jury did not find that he shot in sudden heat of passion, a misdemeanor upon which the court properly instructed. It is clear the evidence in the instant case did not justify an instruction under KRS 435.200.

This case differs from Johnson v. Com., 313 Ky. 17, 230 S.W.2d 69, where the accused shot into some bushes without shooting at anybody. We there held accused was entitled to an instruction on the reckless use of firearms. Also it differs from Sumpter v. Com., Ky., 251 S.W.2d 852, where a woman, without aiming at anybody, shot out of an upstairs window to frighten what she thought was a burglar and wounded a boy standing below on the sidewalk. We there held an instruction should have been given on the reckless use of firearms. Neither Johnson nor Sumpter claimed to have shot in self-defense or directly at a person "with the intent to only frighten but not to hit or kill", as did appellant Profitt.

The instant case is easily distinguished from Crabtree v. Com., 227 Ky. 65, 11 S.W. 2d 1000, and Hall v. Com., 219 Ky. 446, 293 S.W. 961. In each it was held to be reversible error not to instruct on the reckless use of a deadly weapon. Crabtree was so drunk he entered his house "on all fours". He did not shoot at his wife but at a lamp and relied upon the Hall case. We held Crabtree was entitled to an instruction under K.S. § 1308 (now KRS 435.200). Hall was likewise drunk in the road and fired his pistol at no one but the bullet hit a boy picking up coal.

Clearly, the case at bar is different from the two cases just mentioned because neither Crabtree nor Hall shot at anybody and were just shooting recklessly. Here, Profitt was shooting at Earl in what he claimed to be self-defense, although he testified he was not trying to hit the boy, but was shooting just to "bluff him out". Then too, appellant was sober and a man of mature years with a good background. Instead of shooting recklessly, he deliberately shot toward the boy and twice hit a tree behind which Earl had taken refuge. The crime denounced in KRS 435.170 is maliciously shooting "at another without wounding him," and the intent to kill is not an essential element of the crime. Keys v. Com., 260 Ky. 465, 86 S.W.2d 121, and Combs v. Com., 298 Ky. 481, 183 S.W.2d 486.

Our books are full of cases like the Crabtree and Hall opinions, where persons who were drunk or who were pranking and had no hard feelings against their victim, or intended victim, recklessly shot him and we said an instruction under what is now KRS 435.200 should have been given. A few of these cases are Johnson v. Com., 310 Ky. 621, 221 S.W.2d 440, where some drunken boys fired a pistol "up in the air" on a highway without wounding the man over whose car it was fired. Denny v. Com., 225 Ky. 158, 7 S.W.2d 1061, where defendant was drunk in a neighbor's yard and aimlessly fired his pistol and wounded a person who was inside a house. In Rains v. Com., 226 Ky. 173, 10 S.W.2d 643, accused under the influence of whiskey, not thinking his pistol would fire, placed it against his friend's forehead, it fired and killed the friend. Balee v. Com., 153 Ky. 558, 156 S.W. 147, where two drunken Negroes stopped the cart in which two white men were riding, offered them a drink and accused started shooting aimlessly and at nobody but wounded one of the white men. Wayne, alias Wing v. Com., 154 Ky. 698, 159 S.W. 548, where accused, a Negro, while drunk, unintentionally shot and killed his best friend

while they were calling on two Negro women.

But we have found no case where bad feeling existed and deliberate aim was taken in what was claimed to be self-defense, where this court said the accused was entitled to an instruction on the reckless use of a firearm. It is elementary that the instruction in every case must depend upon its own peculiar facts and the issues raised by those facts. McKinney v. Com., 284 Ky. 16, 143 S.W.2d 745, 748. The court properly refused an instruction on the reckless use of firearms.

The judgment is affirmed.