Isaac Turner, Hyden, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Shelby Smallwood, Jr., appeals from a judgment in which he was convicted of a violation of KRS 435.170(4). He was charged with maliciously shooting into an occupied motor vehicle. His sentence was two years' confinement in the penitentiary. On appeal, the sole contention is that the trial court failed to give the whole law of the case and should have instructed under KRS 435.190(1), a similar misdemeanor statute.

Bobby Shepherd parked his car outside a skating rink near Hyden. He was inside the rink when the shooting took place. He said there were three bullet holes in his car when he returned which were not there when he parked it. Johnnie "Sled" Couch testified that he was standing next to the car talking to Charlie Holland, who was seated inside the Shepherd car, when appellant drove up and fired three bullets into the

**Shelby SMALLWOOD, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 14, 1957.

Shepherd car. Ed Howard stated that he saw a .45 pistol fired from a car on the highway toward Shepherd's auto. Owen Sizemore and Jimmie Begley testified to the same effect and said that it was the appellant who did the shooting.

Appellant said he had been drinking that day and was "high" when he arrived at the skating rink. He parked his car within a few feet of the Shepherd car. He stated that Virgil Couch asked permission to drive his car for him, which he refused. Virgil, a first cousin of appellant's, said he wanted to drive the car because appellant was drinking. Virgil persisted in his request, and in order to dissuade him appellant picked up a .45 pistol lying in the seat beside him and fired three times into the highway at Virgil's feet. From the evidence, Virgil and appellant appear to have been on good terms. In response to a question, Virgil answered that the shooting did not make him mad but "made me feel jumpy".

The testimony of appellant was substantiated by the testimony of Virgil Couch, Sherman Smallwood, and Rowena Morgan, the latter two being uncle and sister, respectively, of appellant's. An affidavit containing the statements of three absent witnesses was read. Their testimony corroborated appellant's version of the shooting, adding that there was no one in the Shepherd car at that time. Charlie Holland, the person said to have been in the Shepherd car, stated he was not in the car at the time of the shooting. Virgil Couch stated that the shots fired by appellant could not have ricocheted into the Shepherd car.

 The trial court instructed only on the charge of maliciously shooting into an occupied motor vehicle under KRS 435.170 (4). The evidence for the prosecution justified such an instruction.

The appellant was entitled to have his theory of the case presented by instruction to the jury. The testimony of Charlie Holland and appellant that the car was unoccupied at the time of the shooting was cor-

roborated by several witnesses. Under this evidence, the court should have instructed under KRS 435.190(1) on recklessly shooting into an unoccupied motor vehicle.

 While appellant has not suggested it, the whole law of the case might well include an instruction under KRS 435.200, reckless use of a deadly weapon. It is the duty of the trial court to instruct on every degree of the offense justified by the evidence. For a discussion of the cases concerning an instruction under KRS 435.200 as a lesser degree of the offense contained in KRS 435.170, see Profitt v. Commonwealth, Ky., 281 S.W.2d 898. Many cases are cited therein which hold that the failure to give an instruction under KRS 435.200 is reversible error under fact situations similar to this case.

Upon another trial, if the evidence is substantially the same, the trial court should instruct the jury on the offenses contained in each of the three statutes mentioned above.

Judgment reversed, with direction to grant a new trial consistent herewith.