**Ellis HARRISON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 6, 1963.

Lester H. Burns, Jr., Manchester, James W. Burns, McKee, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Ellis Harrison is appealing from a judgment sentencing him to prison for a term of twenty-one years. For reversal of the conviction it is urged that the court erred in instructing the jury.

Appellant was convicted of the crime denounced by KRS 435.170 which, in pertinent part, states:

"Any person shall be confined in the penitentiary for not less than two nor more than twenty-one years who: * * *.

"(4) Willfully and maliciously * * * throws a * * * dangerous or deadly missile at or into * * * any motor vehicle occupied by any person * * *."

In substance, the Commonwealth's evidence shows that appellant threw a bottle at an automobile occupied by Buddy Brown and his family. The bottle struck the left rear wheel of the car and fortunately no one was physically injured. Appellant denied that he threw the bottle, so there was a sharp issue for the jury to resolve.

The trial court submitted the case to the jury under two instructions. Instruction number one authorized the jury to find appellant guilty and to fix his punishment at not less than two nor more than twenty-one years' imprisonment if the jury believed beyond a reasonable doubt that appellant threw a bottle, a dangerous or deadly missile, at the automobile occupied by the Browns. Instruction number two advised the jury that if it had a reasonable doubt of appellant's being proven guilty he was entitled to an acquittal.

■ Appellant contends and the Attorney General concedes that the trial court committed prejudicial error in omitting the words "willfully" and "maliciously" in instruction number one. We agree that the instruction was prejudicially erroneous. The plain provisions of KRS 435.170(4) require that the act therein condemned be done willfully and maliciously. Since the jury was not so informed by the instruction it is apparent that the jury was not instructed upon the whole law of the case. See Neely v. Commonwealth, Ky., 325 S.W.2d 79 and Johnson v. Commonwealth, 313 Ky. 17, 230 S.W.2d 69.

■ Since the language of KRS 435.-170(4) does not make a thrown bottle a dangerous or deadly missile per se, it is contended that the question of whether the particular bottle allegedly thrown by appellant was a dangerous or deadly missile depended upon several factors and therefore the trial court erred in failing to submit it to the jury. What constitutes a dangerous or deadly missile, within the meaning of KRS 435.170(4), must often depend upon the type of missile and the manner in which it is used. When a bottle (or a snowball) is used as a missile it is not necessarily a dangerous or a deadly one. We believe that this contention is meritorious because the dangerous or deadly character of the missile as allegedly thrown by the appellant was not established beyond question. Cf. Broaddus v. Commonwealth, Ky., 339 S.W.2d 154.

■ It is further contended that the trial court failed to give the whole law of the case in that it did not give an instruction under KRS 435.190, recklessly throwing a missile at a motor vehicle. The evidence of the Commonwealth shows that the bottle was deliberately thrown while the appellant denied throwing it at all. There being no factual basis upon which to predicate such an instruction we find no merit in the contention.

For the reasons stated the judgment is reversed with directions to set it aside and to grant the appellant a new trial.